UNITED STATES of America, Plaintiff–Appellee,

v.

Stuart ROMM, Defendant–Appellant.

No. 07–10137.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2008.

Filed April 25, 2008.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Robert L. Ellman, Nancy J. Koppe, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: WALLACE and SCHROEDER, Circuit Judges, and BENITEZ *, District Judge.

## MEMORANDUM **

Romm appeals from the district court's order sentencing him to serve a mandatory minimum sentence of 180–months imprisonment with a concurrent mandatory minimum term of 120–months imprisonment, arguing the district court erred when it determined Romm's prior state convictions triggered an increased mandatory minimum sentence, and when it failed to merge his possession and receipt offenses at sentencing. We affirm.

Romm argues the district court erred when it relied on a probable cause affidavit to determine that his Florida conviction was a predicate offense. He is mistaken. A police report may be a qualified document for modified categorical analysis if the report was attached to, and incorporated by reference into, the criminal complaint and if the defendant stipulates at the plea hearing to the facts listed in the report. *See United States v. Espinoza–Cano,* 456 F.3d 1126, 1131–33 (9th Cir.2006). Here, the affidavit was attached to the charging papers, and the plea transcript demonstrates that Romm stipulated to the facts contained in the affidavit and agreed to incorporate by reference the affidavit into the plea. Thus, the district court properly relied on the affidavit.

Additionally, that Romm pleaded nolo contendere is of no moment; a nolo contendere plea is the equivalent of a guilty plea for modified categorical analysis purposes. *See United States v. Guerrero–Velasquez,* 434 F.3d 1193, 1197–98 (9th Cir.2006).

Contrary to Romm's arguments, unlike the charging papers in *United States v. Almazan–Becerra,* 482 F.3d 1085, 1089–90 (9th Cir.2007), the affidavit here did not allege multiple elements in the disjunctive, and Romm was charged for the two crimes in the conjunctive. Additionally, because the probable cause affidavit supplied no factual basis for his conviction under Florida Statute section 827.071(3) other than the transmission of child pornography, which is a predicate offense, the affidavit shows that he was necessarily convicted of a predicate crime. *See United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc).

---

* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Finally, Romm contends that the district court erred when it sentenced Romm for both the receipt and the possession of the same child pornography when the government never alleged that the counts derived from separate acts. This argument is waived because Romm could have raised it in his first appeal, but did not do so. *See United States v. Radmall,* 340 F.3d 798, 802 (9th Cir.2003); *United States v. Nagra,* 147 F.3d 875, 882 (9th Cir.1998); *see also United States v. Romm,* 455 F.3d 990 (9th Cir.2006).

Romm's Motion to Modify Case Caption or, in the Alternative, to Issue an Unpublished Disposition is denied as moot.

**AFFIRMED.**

* The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and may not be cited except as provided by 9th Cir. R. 36–3.