**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff - Appellee,<br><br>　v.<br><br>EDEN VALDEZ-ANGULO, a.k.a. Eden Valdez Angulo, a.k.a. Miguel Valdez-Angulo,<br><br>　　　　　Defendant - Appellant. | No. 13-10333<br><br>D.C. No. 2:13-cr-00326-SMM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted April 7, 2014**

Before:　　TASHIMA, GRABER, and IKUTA, Circuit Judges.

Eden Valdez-Angulo appeals from the district court's judgment and

challenges the 48-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction

---

　　　\*　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　\*\*　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Valdez-Angulo first contends that his sentence is substantively unreasonable because the imposition of two criminal history points under U.S.S.G. § 4A1.1(d) turned solely on the "happenstance" of the timing of his discovery by immigration officials. Relying on *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), Valdez-Angulo also contends that his sentence is substantively unreasonable in light of his limited roles in his prior convictions, one of which resulted in a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(vii).

The district court did not abuse its discretion in imposing Valdez-Angulo's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Unlike the sentence in *Amezcua-Vasquez*, Valdez-Angulo's below-Guidelines sentence properly reflects the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Valdez-Angulo's criminal and immigration history. *See id.*

Finally, Valdez-Angulo contends that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), has been undermined and that 8 U.S.C. § 1326(b) is unconstitutional. As Valdez-Angulo concedes, this argument is foreclosed. *See United States v. Almazan-Becerra*, 482 F.3d 1085, 1091 (9th Cir. 2007).

**AFFIRMED.**

13-10333