**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

JULIO ALMAZAN-BECERRA,
           *Defendant-Appellant.*

No. 05-10056

D.C. No.
CR-03-40212-DLJ

ORDER AND
OPINION

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, District Judge, Presiding

Argued and Submitted
February 16, 2006—San Francisco, California

Filed March 29, 2007

Before: J. Clifford Wallace, Michael Daly Hawkins, and
Sidney R. Thomas, Circuit Judges.

Opinion by Judge Wallace

## COUNSEL

Donald W. Searles, Fenwick & West LLP, San Francisco, California, for defendant-appellant Julio Almazan-Becerra.

Barbara J. Valliere, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellee.

## ORDER

The opinion filed on August 1, 2006, cited at 456 F.3d 949 (9th Cir. 2006) is hereby withdrawn.

## OPINION

WALLACE, Senior Circuit Judge:

Almazan-Becerra appeals from his sentence of seventy months imprisonment after a conviction of illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that the district court's application of both a sixteen-level and a twelve-level enhancement based on prior felony drug convictions was erroneous. We have jurisdiction pursuant to 18 U.S.C. § 3742(a). We vacate the sentence and remand for resentencing.

## I.

Almazan-Becerra is a Mexican national who was deported from the United States on three occasions: May 14, 1992,

October 31, 1997, and September 12, 2002. On September 3, 2003, he was found in Northern California and later identified by his fingerprints. He was charged with and convicted of illegal re-entry, 8 U.S.C. § 1326. He does not appeal from that conviction. Rather, he contends that he was improperly sentenced based on two potentially relevant prior convictions.

In January 1995, Almazan-Becerra was convicted of violating California Health & Safety Code § 11360(a), a felony drug offense, for conduct involving marijuana. In 1998, he was convicted of violating California Health & Safety Code § 11379, a felony drug offense, for transporting methamphetamine.

The 1995 conviction was based on an indictment that twice charged that Almazan-Becerra committed "the crime of TRANSPORT/SELL/OFFER TO SELL MARIJUANA." The indictment also stated that Almazan-Becerra "did sell and offer to sell a controlled substance . . . ." Almazan-Becerra agreed to plead guilty to the crime. At the plea colloquy, Almazan-Becerra twice admitted that he did "*either* transport *or* sell *or* offer to sell marijuana . . . ." He was later asked "do you admit . . . that you did sell, transport or offer to sell marijuana . . ." to which he answered, "Yes." Almazan-Becerra's counsel stipulated that the related police reports contained a factual basis to support his guilty plea. The reports described hand-to-hand sales of marijuana. Almazan-Becerra was sentenced to twenty-four months in prison.

The 1998 conviction was based on an amended charge that Almazan-Becerra committed the "crime of transport of a controlled substance . . . to wit, methamphetamine." During the plea colloquy, the judge stated, "It's alleged that you did transport a controlled substance, methamphetamine. To that charge how do you plead?" Almazan-Becerra answered, "Guilty." The court imposed a twelve-month sentence.

The district court sentenced Almazan-Becerra two days after the Supreme Court decided *United States v. Booker*, 543

U.S. 220 (2005). In its remedial holding, the Court in *Booker* severed the mandatory aspect of the Sentencing Guidelines (Guidelines) and rendered them "effectively advisory." *Id.* at 245. The district court properly recognized that the Guidelines were not mandatory.

At sentencing, neither party challenged the district court's determination that Almazan-Becerra's base offense level was eight. The district court then applied a sixteen-level enhancement, based on its determination that the 1995 conviction qualified as "a drug trafficking offense for which the sentence imposed exceeded 13 months" under United States Sentencing Guidelines (U.S.S.G.) § 2L1.2(b)(1)(A).

The district court decided to make a downward departure based on the relatively minor nature of the 1995 conviction, which involved two sales of marijuana for approximately fifteen dollars each. The court also departed downward four levels based on its belief that the 1998 conviction would have required a twelve-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B) as a "conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less," if the sixteen-level enhancement had not applied.

Almazan-Becerra argues that neither conviction qualifies for a drug trafficking enhancement. He also contends that the fact of the prior convictions must be submitted to a jury and found beyond a reasonable doubt.

## II.

**[1]** To determine whether a prior conviction qualifies for an enhancement, we apply the *Taylor* modified categorical approach. *See United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004); *see also Taylor v. United States*, 495 U.S. 575 (1990). Under this standard, "we must first analyze the statute that formed the basis for the sentence enhancement." *United States v. Rivera-Sanchez*, 247 F.3d 905, 908

(9th Cir. 2001) (en banc). We have previously held that sections 11360(a) and 11379(a) of the California Health & Safety Code are overbroad and do not categorically qualify for drug trafficking enhancements. *See Navidad-Marcos*, 367 F.3d at 907-08 (Cal. Health & Safety Code § 11379(a) overbroad); *Rivera-Sanchez*, 247 F.3d at 908-09 (Cal. Health & Safety Code § 11360(a) overbroad).

Because a conviction under these statutes does not necessarily qualify for the enhancement, we must look to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" to determine if a prior conviction qualifies for an enhancement. *Shepard v. United States*, 544 U.S. 13, 16 (2005). "*Taylor* is clear that any enquiry beyond statute and charging document must be narrowly restricted to implement the object of the statute and avoid evidentiary disputes." *Id.* at 23 n.4.

"The idea of the modified categorical approach is to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc). "Charging papers alone are never sufficient." *Id.*

### III.

Almazan-Becerra contends that the district court abused its discretion by basing the extent of its downward departure on the erroneous legal assumption that the 1998 conviction merited the twelve-level enhancement. Ordinarily, we lack jurisdiction to review the extent of a downward departure. *See United States v. Vizcarra-Angulo*, 904 F.2d 22, 23 (9th Cir. 1990). We have jurisdiction to consider Almazan-Becerra's argument, however, to the extent the departure was premised on "an incorrect application of the sentencing guidelines." 18

U.S.C. § 3742(a). We review the extent of a sentencing departure for an abuse of discretion. *See United States v. Menyweather*, 431 F.3d 692, 701 (9th Cir. 2005), *amended by* 447 F.3d 625, 635 (9th Cir. 2006) ("Even before *Booker*, our task was to determine whether the extent of a departure was reasonable, so our cases applying abuse of discretion review to that question remain relevant after *Booker*"). The district court "is required to articulate the reasons for the extent of the departure in sufficiently specific language to allow appellate review. On appeal we may not search the record for the possible reasons for departure; instead, we must rely solely on the reasons expressed by the court below." *United States v. Working*, 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996).

Based on an unspecified "report," the district court found at sentencing that Almazan-Becerra's 1998 conviction was for transporting methamphetamine with intent to sell. In the district court's view, the finding supported the section 2L1.2(b)(1)(B) enhancement. On appeal, however, the government conceded that the 1998 conviction does *not* qualify for the enhancement. *See* Transcript of Oral Argument at 12:05-13:30, *United States v. Almazan-Becerra*, No. 05-10056 (Feb. 16, 2006). The government's concession reflected its understanding that a conviction for the transport of a controlled substance under section 11379 did not trigger the enhancement. *See id.*

**[2]** We have identified transportation of a controlled substance *for personal use* as outside the scope of the drug trafficking enhancements. *See Navidad-Marcos*, 367 F.3d at 908; *Rivera-Sanchez*, 247 F.3d at 908-09. A conviction for transportation of a controlled substance *with the intent to sell*, however, certainly qualifies for a section 2L1.2(b)(1)(B) enhancement. *Cf. United States v. Benitez-Perez*, 367 F.3d 1200, 1204 (9th Cir. 2004) (holding that plain language of

section 2L1.2 "includes as a qualifying offense possession with intent to distribute or dispense"); *United States v. Rodriguez-Lara*, 421 F.3d 932, 949 (9th Cir. 2005) (affirming enhancement under section 2L1.2(b)(1)(A) based on conviction for the transport of methamphetamine).

**[3]** Nevertheless, the district court abused its discretion by applying the twelve-level enhancement for Almazan-Becerra's 1998 conviction. At the plea colloquy in the 1998 case, the government withdrew the charge of "possession or purchase [of a] controlled substance, methamphetamine, for sale" and replaced it with the charge of "transport[ing] . . . a controlled substance." The parties have not suggested that any other record evidence supported the conclusion that the 1998 conviction was for transporting methamphetamine with the intent to sell. At resentencing, the district court may only make a downward departure on the basis that the 1998 conviction qualifies for a section 2L1.2(b)(1)(B) enhancement if the record "unequivocally establishes" that Almazan-Becerra was convicted of either transporting methamphetamine with the intent to sell or another offense covered by the section.

## IV.

Almazan-Becerra next argues that the district court erred by applying the sixteen-level enhancement for his 1995 conviction. We review the district court's conclusion that a prior conviction qualifies for a sentencing enhancement de novo. *Rivera-Sanchez*, 247 F.3d at 907.

## A.

Almazan-Becerra contends that because the indictment and plea colloquy were repeatedly stated in the disjunctive, they do not "unequivocally establish" that he is guilty of conduct that qualifies for the enhancement. *See Corona-Sanchez*, 291 F.3d at 1211. He argues that because he twice pleaded guilty to "*either* transport[ing] *or* sell[ing] *or* offer[ing] to sell mari-

juana," his guilty plea does not "unequivocally establish" that he pleaded guilty to selling marijuana. The district court held that these statements meant that he "pled guilty to all of those."

**[4]** We have previously held that "when a defendant pleads guilty . . . to facts stated in the conjunctive, each factual allegation is taken as true." *United States v. Smith*, 390 F.3d 661, 665 (9th Cir. 2004) (internal quotations and citation omitted), *amended by* 405 F.3d 726 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 252 (2005). This appeal requires us to consider whether the same is true in a disjunctive plea. Because Almazan-Becerra pled to the disjunctive "*either* transport[ing] *or* sell-[ing] *or* offer[ing] to sell marijuana," he could have pled to transporting marijuana for personal use, which does not qualify for the enhancement. A plea to selling marijuana is only one possible interpretation of these statements. We therefore hold that this disjunctive guilty plea does not "unequivocally establish" that Almazan-Becerra committed a drug trafficking crime.

**[5]** Similarly, the use of the virgule (/) sign in the indictment indicates that Almazan-Becerra was charged in the disjunctive. The indictment also uses a conjunctive statement, that Almazan-Becerra "did sell and offer to sell a controlled substance," but as observed earlier, "[c]harging papers alone are never sufficient." *Corona-Sanchez*, 291 F.3d 1201 at 1211. Instead, charging papers may be considered only "in connection with . . . the transcript of [the] plea proceeding." *Id.* Given the two immediately preceding uses of the disjunctive in the indictment, and given the persistent use of the disjunctive throughout the plea proceeding, it is not unequivocally clear that Almazan-Becerra's plea necessarily rested on the conjunctive part of the indictment. Thus, the plea colloquy and indictment cannot support application of the enhancement to Almazan-Becerra.

The government tried to save the enhancement at oral argument by pointing to the statement of Almazan-Becerra's

counsel suggesting that the charged conduct involved sales. We will not permit the government to rely on this statement in support of its argument because the government failed to cite the statement in its opening brief, *see Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived"), and because the government did not cite the statement to the district court, *see Monetary II Ltd. P'ship v. Comm'r*, 47 F.3d 342, 347 (9th Cir. 1995) ("As a general rule, an appellate court will not consider arguments which were not first raised before the district court, absent a showing of exceptional circumstances") (internal quotations and citation omitted).

## B.

The government argues that police reports concerning the 1995 conviction could serve as a valid basis for applying the enhancement. The district court chose not to reach this issue.

[6] The Supreme Court appears to have foreclosed the use of police reports in a *Taylor* analysis. *See Shepard*, 544 U.S. at 16 ("The question here is whether a sentencing court can look to police reports or complaint applications . . . . We hold that it may not"). In a post-*Shepard* case, however, we held that when a defendant stipulates to a document as providing a factual basis for a guilty plea, the court may sometimes use the factual statements therein to determine whether a prior conviction qualifies for an enhancement. *See United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1217-19 (9th Cir. 2005). In that case, the defendant stipulated that his own prior motion authored and filed by his attorney, which contained a statement of facts admitting to the relevant conduct, formed a factual basis to support his guilty plea. *See id.* at 1215-16. We observed "no appreciable difference between allowing the district court to rely on the stipulated . . . [m]otion which served as the factual basis for the plea and allowing prior sentencing courts to rely on a plea agreement or the transcript of a plea colloquy." *Id.* at 1218.

**[7]** Two important factors are different between the present appeal and *Hernandez-Hernandez.* First, although Almazan-Becerra stipulated that the police reports formed a factual basis to support his plea, the plea was disjunctive. He therefore could have been stipulating that the police reports supported a plea to transporting marijuana for personal use. As such, the stipulation does not "unequivocally establish" a factual basis for a section 2L1.2(b)(1)(A) enhancement.

**[8]** Second, the stipulated document in *Hernandez-Hernandez* was the defendant's own motion, containing his attorney's account of disputed facts. We therefore reasoned that it was the equivalent to a plea agreement or plea colloquy. *Id.* at 1218. The police reports here, however, do not necessarily contain either the defendant's own account of the events or a mutually agreed-upon statement of facts. Therefore, the police reports are not the functional equivalent of either a plea agreement or plea colloquy.

If the government on remand continues to assert that the police reports, which Almazan-Becerra's counsel stipulated constituted a factual basis for his disjunctive plea, support application of the enhancement, the district court will need to determine in the first instance whether this case can be distinguished from *Shepard*.

### V.

Almazan-Becerra also argues that because a majority of Justices now appear to believe that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), was wrongly decided, *see Shepard*, 544 U.S. at 27-28, (Thomas, J., concurring) (expressing the view that "a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided"); *Almendarez-Torres*, 523 U.S. at 248-49 (Scalia, J., joined by Stevens, Souter, and Ginsburg, JJ., dissenting), we should hold that the fact of a prior conviction must be submitted to a jury and proved beyond a reasonable doubt. However, we

have expressly considered and rejected the argument. *See United States v. Weiland*, 420 F.3d 1062, 1080 n.16 (9th Cir. 2005) ("Although recent Supreme Court jurisprudence has perhaps called into question the continuing viability of *Almendarez-Torres*, we are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court") (citation omitted). Thus, this argument is foreclosed.

**SENTENCE VACATED AND REMANDED.**