**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

JULIO ALMAZAN-BECERRA,
    *Defendant-Appellant.*

No. 07-10420

D.C. No.
CR-03-40212-DLJ

OPINION

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, District Judge, Presiding

Argued and Submitted
June 10, 2008—San Francisco, California

Filed August 12, 2008

Before: Mary M. Schroeder and N. Randy Smith,
Circuit Judges, and Valerie Baker Fairbank,* District Judge.

Opinion by Judge N. R. Smith

---

*The Honorable Valerie Baker Fairbank, United States District Judge
for the Central District of California, sitting by designation.

**COUNSEL**

Amitai Schwartz, Emeryville, California, for defendant-appellant Julio Almazan-Becerra.

Barbara J. Valliere, Assistant United States Attorney, San Francisco, California, for plaintiff-appellee United States of America.

## OPINION

N. RANDY SMITH, Circuit Judge:

The district court properly applied the modified categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990), when it concluded that Julio Almazan-Becerra's prior conviction under California Health and Safety Code § 11360(a) was a "drug trafficking offense." The district court properly relied on police reports (which Almazan-Becerra, during the plea colloquy of the prior conviction, had stipulated contained a factual basis for his plea) in concluding that Almazan-Becerra was previously convicted of selling marijuana. The prior conviction thus warranted an offense-level enhancement under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(i). We also hold that Almazan-Becerra's sentence is reasonable. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## I.

Almazan-Becerra, a Mexican national, was convicted of illegal reentry into the United States in violation of 8 U.S.C. § 1326. At his initial sentencing, the district court, in determining Almazan-Becerra's offense level under the Sentencing Guidelines, applied a 16-level enhancement on the ground that Almazan-Becerra's prior conviction under California Health and Safety Code § 11360(a) qualified as a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A)(i). In determining that the prior conviction was a drug trafficking offense, the district court relied only on the complaint[1] and plea colloquy pertaining to the conviction, not on the police

---

[1]Although our previous opinion inadvertently referred to the charging document for Almazan-Becerra's prior conviction under California Health and Safety Code § 11360(a) as an indictment, *see United States v. Almazan-Becerra*, 482 F.3d 1085, 1087 (9th Cir. 2007), the charging document was a felony complaint.

reports at issue here. The district court sentenced Almazan-Becerra to 70 months imprisonment, and Almazan-Becerra appealed. A prior panel of this court vacated the sentence on several grounds, including that the complaint and plea colloquy alone did not warrant the 16-level enhancement. *United States v. Almazan-Becerra*, 482 F.3d 1085, 1090 (9th Cir. 2007) ("*Almazan-Becerra I*").

On remand for resentencing, the district court again applied the 16-level enhancement, but this time it did rely on the police reports relating to the prior conviction. The court then applied a six-level downward departure in light of the relatively minor nature of the offense underlying the prior conviction. After calculating a sentencing range of 57 to 71 months, the court sentenced Almazan-Becerra to 57 months imprisonment. Almazan-Becerra now again appeals his sentence.

The relevant facts concerning the prior conviction are as follows. The complaint twice charged Almazan-Becerra with committing "the crime of TRANSPORT/SELL/OFFER TO SELL MARIJUANA" in violation of § 11360(a). The complaint also stated that Almazan-Becerra "did sell and offer to sell a controlled substance, to wit: Marijuana." Almazan-Becerra decided to plead guilty to both counts in the complaint. At the plea colloquy in the California state court, he twice answered "guilty" to the charge that he "did either transport or sell or offer to sell marijuana." Almazan-Becerra's counsel then stipulated that "the police reports and other documents within the Court file contain a factual basis for the pleas."

In an affidavit, a federal probation officer explains that, in order to prepare a Pre-Sentence Investigation Report for the district court in the present case, he requested (from the California state court) a copy of the documents contained in the court file pertaining to Almazan-Becerra's prior conviction. The documents provided to the probation officer include a set of police reports charging Almazan-Becerra with two hand-

to-hand sales of marijuana. The reports describe how (1) Almazan-Becerra was observed twice handing each of two individuals a brown paper bindle in exchange for a money bill; (2) the two individuals were later apprehended, were found to have in their possession a brown paper bindle containing marijuana, and positively identified Almazan-Becerra as the person who had sold them the marijuana; (3) Almazan-Becerra was then apprehended and was found to have in his possession two money bills whose denominations were consistent with the account of the sales by the two apprehended buyers; and (4) a bindle of marijuana was found on the ground where Almazan-Becerra had previously been walking. The police reports all list the type of offense as "sales of marijuana."

## II.

**[1]** It is undisputed that a conviction under California Health and Safety Code § 11360(a) does not categorically constitute a drug trafficking offense under the Sentencing Guidelines; for example, transporting marijuana for personal use, which is an offense under § 11360(a), is not a drug trafficking offense. *See Almazan-Becerra I*, 482 F.3d at 1088; *see also United States v. Rivera-Sanchez*, 247 F.3d 905, 908-09 (9th Cir. 2001) (en banc) (holding that conviction under § 11360(a) is not categorically an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(A)).

**[2]** Accordingly, to determine whether a particular conviction under § 11360(a) qualifies as a drug trafficking offense, we apply the *Taylor* modified categorical approach. *See Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1129-31 (9th Cir. 2007). "[U]nder the modified categorical approach, we may consider a limited number of judicially noticeable documents to determine whether, although the statute of conviction is overinclusive, the defendant was in fact convicted" of the generically defined crime. *Id*. at 1129 (internal quotations omitted).

### III.

### A.

Almazan-Becerra argues that the district court was barred from relying on the police reports under the law of the case doctrine. We disagree.

**[3]** "Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotations omitted).

In *Almazan-Becerra I*, the panel held that the plea colloquy and complaint alone could not support the 16-level enhancement. 482 F.3d at 1090. The panel reasoned that Almazan-Becerra's disjunctive plea to "*either* transport[ing] *or* sell[ing] *or* offer[ing] to sell marijuana," as well as the complaint's use of the virgule (/) sign in charging Almazan-Becerra with "the crime of TRANSPORT/SELL/OFFER TO SELL MARIJUANA," did not leave it unequivocally clear that Almazan-Becerra had been convicted of a drug trafficking offense. *Id.* at 1087, 1089-90.

However, after acknowledging that the district court had chosen not to reach the issue of whether the police reports relating to the prior conviction could serve as a valid basis for applying the enhancement, the panel also declined to reach a conclusion on that issue. *See id.* at 1090-91. The panel noted that the issue was governed by the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13 (2005), and implicated this court's decision in *United States v. Hernandez-Hernandez*, 431 F.3d 1212 (9th Cir. 2005). *See Almazan-Becerra I*, 482 F.3d at 1090-91. The panel therefore remanded the case so that the district court could address the issue in the first instance. *See id.* at 1091 ("If the government on remand continues to assert that the police reports, which Almazan-

Becerra's counsel stipulated constituted a factual basis for his disjunctive plea, support application of the enhancement, the district court will need to determine in the first instance whether this case can be distinguished from *Shepard*.").

**[4]** Thus, in *Almazan-Becerra I* the panel did not decide whether the police reports could support the enhancement. Accordingly, the law of the case doctrine does not preclude us from deciding that issue here.

**B.**

Almazan-Becerra argues that *Shepard* precluded the district court from relying on the police reports in determining that his prior conviction was a drug trafficking offense. We disagree. We review de novo a district court's conclusion that a prior conviction qualifies for a sentencing enhancement. *Almazan-Becerra I*, 482 F.3d at 1089.

**[5]** In *Shepard*, the Supreme Court made clear that in applying the *Taylor* modified categorical approach to a prior conviction resulting from a guilty plea, a sentencing court may generally look only to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" to determine whether the prior conviction qualifies for an enhancement. 544 U.S. at 16. The Court specifically pointed out, however, that a sentencing court may look to "the statement of factual basis for the charge . . . shown by a transcript of plea colloquy or by written plea agreement presented to the court." *Id*. at 20. While the Court held that a sentencing court may not look to police reports in determining whether a prior conviction qualifies for an enhancement, *id*. at 16, the defendant in *Shepard*, unlike Almazan-Becerra, had not stipulated during the plea colloquy that the police reports contained a factual basis for his guilty plea, *id*. at 18. The Court did not address whether a sentencing court may look to a

police report that the defendant has stipulated contains a factual basis for his plea.

In *United States v. Espinoza-Cano*, 456 F.3d 1126 (9th Cir. 2006), this court held that *Shepard* did not preclude a sentencing court from looking to a police report that had been incorporated by reference into the criminal complaint underlying a prior conviction, and which defense counsel had stipulated contained a factual basis for the defendant's guilty plea. *See id*. at 1128-29, 1132-33. Likewise, in *Parrilla v. Gonzales*, 414 F.3d 1038 (9th Cir. 2005), we held that *Shepard* did not preclude a court from looking to a Certification for Determination of Probable Cause (CDPC) where the information incorporated the CDPC and where the petitioner had stated in his guilty plea that he understood the court would review the CDPC in determining whether there was a factual basis for his plea. *See id*. at 1043-44.

**[6]** While the police reports in this case were not incorporated by reference into the complaint, Almazan-Becerra's counsel did stipulate during the plea colloquy that the police reports contained a factual basis for Almazan-Becerra's guilty pleas. In at least one case we have found such a stipulation alone to be sufficient under *Shepard*. In *Hernandez-Hernandez*, this court held that the sentencing court had properly looked to the defendant's motion to set aside false imprisonment charges against him where, during the change of plea hearing on those charges, the defendant's attorney had stipulated to the contents of the motion as the factual basis for the plea. 431 F.3d at 1215, 1218-20. We explained that *Shepard* did not preclude the sentencing court from looking to the motion to determine whether the defendant's prior conviction constituted a predicate offense:

> We see no appreciable difference between allowing the district court to rely on the stipulated [motion] which served as the factual basis for the plea and allowing prior sentencing courts to rely on a plea

> agreement or the transcript of a plea colloquy. Indeed, this document serves as the "findings of fact adopted by the defendant upon entering the plea," which is part of the judicial record on which the Supreme Court agrees later courts may rely.

*Id*. at 1218 (citing *Shepard*, 544 U.S. at 20).

**[7]** While *Hernandez-Hernandez* involved the defendant's own motion rather than police reports, we are not persuaded that this difference is material. In *Espinoza-Cano*, we concluded that, as a result of the stipulation to the factual basis, the police report "became a 'mutually agreed-upon statement of facts.' " 456 F.3d at 1133 (citation omitted). While the panel in *Almazan-Becerra I* commented that the police reports "do not necessarily contain either the defendant's own account of the events or a mutually agreed-upon statement of facts," 482 F.3d at 1091, we conclude that, as in *Espinoza-Cano*, the police reports here *became* a mutually-agreed upon statement of facts when Almazan-Becerra stipulated that they contained a factual basis for his plea. Almazan-Becerra's stipulation (that the police reports contained a factual basis for his plea) incorporated the police reports into the plea colloquy, and were thus properly relied upon by the district court. *See Parrilla*, 414 F.3d at 1044 (concluding that petitioner "explicitly incorporat[ed] the CDPC into his guilty plea" by stating that he understood that the court would review the CDPC in determining whether there was a factual basis for his plea).

Almazan-Becerra nevertheless argues that the district court's reliance on the police reports was improper because he had stipulated only that "the police reports and other documents within the Court file" contained a factual basis for the plea, without identifying specifically which police reports contained the factual basis.

**[8]** The Fifth Circuit rejected a similar argument in *United States v. Castillo-Morales*, 507 F.3d 873 (5th Cir. 2007),

where the defendant had stipulated to a factual basis for a burglary offense based on "documents in the court file, including the complaint affidavit(s)." *Id*. at 875 (internal quotations omitted). The defendant in that case argued that the district court could not rely on a statement in a charging affidavit contained in the court file to determine that he had been convicted of a predicate offense, because the factual basis to which he had assented could have been in one of the other documents in the court file. *Id*. at 875-76. The Fifth Circuit rejected this argument:

> Essentially, [the defendant] asks this court to craft a new rule requiring that when a defendant stipulates that "a factual basis" for his offense is found in "court documents," the specific facts assented to by the defendant, or the specific document that served as the factual basis for the plea, must be exactly identified in the record. Otherwise, the sentencing court cannot properly ascertain whether the plea and conviction "necessarily rested on the fact identifying the burglary as generic." But, we conclude, the Supreme Court's opinion in *Shepard* requires no such rule.

*Id*. at 876. The court reasoned that because the factual basis in the charging affidavit was not contradicted by any other facts in the court file, there was no need for the type of evidentiary hearing—"to sort out what offense [the defendant] actually committed"—that the modified categorical approach was meant to avoid. *Id*. at 876 & n.2 (citing *Shepard*, 544 U.S. at 20). Accordingly, the court held that "when a defendant stipulates that 'a factual basis' for his plea is present in 'court documents,' courts may use any uncontradicted facts in those documents to establish an element of a prior conviction." *Id*. at 876.

**[9]** We find the reasoning in *Castillo-Morales* persuasive. Based on the affidavit by the probation officer, we are confi-

dent that the police reports obtained from the California state court are the only police reports in that court's file. In addition, the police reports unequivocally describe Almazan-Becerra's offensive conduct as selling marijuana, and there is no indication that any other documents in the court file contradict that description.[2] In fact, the complaint is consistent with the police reports, as it states that Almazan-Becerra "did sell and offer to sell a controlled substance, to wit: Marijuana." Accordingly, we conclude that the district court properly relied on the police reports (as incorporated into the plea colloquy) in determining that Almazan-Becerra's prior conviction was a drug trafficking offense for purposes of the Sentencing Guidelines.

In so concluding, we reject Almazan-Becerra's argument that his disjunctive plea compels a different outcome. In *Almazan-Becerra I*, the panel commented that Almazan-Becerra's guilty plea did not unequivocally establish a factual basis for the enhancement, because Almazan-Becerra "could have been stipulating that the police reports supported a plea to transporting marijuana for personal use." 482 F.3d at 1091. But the panel in *Almazan-Becerra I* did not look to the police reports themselves, which rule out that Almazan-Becerra was stipulating to a factual basis for anything other than selling marijuana. The police reports do not indicate any other documents in the court file that would contradict that offense. Accordingly, the record is "enough to prove" that Almazan-Becerra was "convicted of conduct which constituted [a drug trafficking offense] for purposes of the modified categorical analysis." *Sandoval-Lua*, 499 F.3d at 1132.

---

[2]Almazan-Becerra contends that the police reports also describe the offense of transporting marijuana for personal use because the reports state that the police found a bindle of marijuana on the ground where Almazan-Becerra had previously been walking. We reject this contention because the reports, when read as a whole, describe only one type of offense— selling marijuana. The bindle found on the ground was simply one of several pieces of evidence of that offense.

**[10]** In sum, we conclude that the district court properly relied on the police reports contained in the state court file to determine that Almazan-Becerra's prior conviction was for selling marijuana, and thus constituted a drug trafficking offense for purposes of the Sentencing Guidelines. Accordingly, the district court properly applied the 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i).

### IV.

Almazan-Becerra also argues that his sentence of 57 months imprisonment is unreasonable. We disagree. We review for an abuse of discretion the reasonableness of the district court's sentencing decision. *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *see also United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**[11]** Almazan-Becerra's argument is based solely on his contention that the district court erred in applying the 16-level enhancement. However, we have already rejected that contention. We find no other basis for concluding that the sentence was unreasonable. The district court lowered Almazan-Becerra's offense level by six on the ground that the two hand-to-hand sales of marijuana underlying the prior conviction were too minor a crime to warrant a 16-level enhancement. As a result, the district court arrived at a sentencing range of 57 to 71 months instead of a range of 100 to 125 months. The court then sentenced Almazan-Becerra at the low end of the range. Almazan-Becerra points to "nothing unusual about [his] circumstances to compel a lower sentence than the low-end of the Guidelines range." *Carty*, 520 F.3d at 996.

We conclude that the sentence is reasonable and that the district court did not abuse its discretion in imposing it.

### V.

For the foregoing reasons, we affirm Almazan-Becerra's sentence.

**AFFIRMED.**