**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus Jose ORTIZ, a.k.a. Manuel Francisco Icedo, Manuel Icedo, Manuel F. Icedo, Jesse Ortiez, Defendant–Appellant.**

**No. 07–10549.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 29, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Munish Sharda, Esquire, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Matthew John McGuire, Esquire, Patagonia, AZ, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Jesus Jose Ortiz appeals from the 70–month sentence imposed following his guilty-plea conviction for attempted illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a), and making a false claim of citizenship, in violation of 18 U.S.C. § 911. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ortiz contends that the district court erred in applying a 16–level enhancement under U.S.S.G. § 2L1.1(b)(1)(A). We reject this contention because the district court properly found that Ortiz's conviction under Arizona Revised Statutes § 13–3405 for transportation of marijuana for sale qualified as a predicate drug trafficking felony under the modified categorical approach. *See Shepard v. United States*, 544 U.S. 13, 19, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *see also United States v. Almazan–Becerra*, 537 F.3d 1094, 1100 (9th Cir.2008). In addition, Ortiz's contention that the judicially noticeable documents introduced by the government to satisfy its burden under the modified categorical approach referred to his co-defendant is contradicted by the undisputed presentence report. *See United States v. Snipe*, 515 F.3d 947, 955 (9th Cir.2008).

Ortiz also contends that the district court imposed an unreasonable sentence because it failed to explain its rejection of his various departure requests, or to properly consider the 18 U.S.C. § 3553(a) factors. We conclude that the district court did not commit procedural error and that Ortiz's sentence is substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 994–95 (9th Cir.2008) (en banc); *see also United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir.2006).

The Government's motion to strike portions of Ortiz's reply brief is denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.