# Matter of Santos Enrique MILIAN-Dubon, Respondent

File A047 042 904 - San Diego, California

*Decided February 19, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In applying the modified categorical approach to assess an alien's conviction, it is proper to consider the contents of police reports as part of the record of conviction if they were specifically incorporated into the guilty plea or were admitted by the alien during the criminal proceedings.

FOR RESPONDENT: John Richard Smith, Esquire, San Diego, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Megan Berry Oshiro, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, MILLER, and MALPHRUS, Board Members.

MALPHRUS, Board Member:

In a decision dated November 27, 2007, an Immigration Judge terminated the removal proceedings against the respondent upon his finding that the Department of Homeland Security ("DHS") failed to establish the respondent's removability under section 237(a)(2)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(E)(i) (2006), as an alien convicted of a crime of domestic violence. The DHS has appealed from that decision. The respondent has filed a brief in response. The DHS's appeal will be sustained, and the record will be remanded for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Guatemala who was admitted to the United States on June 7, 1999, as a lawful permanent resident. On June 11, 2004, the respondent pled guilty to battery of his spouse in violation of section 243(e)(1) of the California Penal Code. The DHS charged that the respondent is removable under section 237(a)(2)(E)(i) of the Act based on his conviction for a crime of domestic violence. The Immigration Judge determined that the respondent's record of conviction consisted of the criminal complaint and the guilty plea, and he concluded that these documents did not

provide sufficient evidence to establish that the respondent was convicted of a crime of violence. He therefore terminated the proceedings.

On appeal the DHS argues that the Immigration Judge erred in excluding from his "modified categorical" analysis of the respondent's conviction a police report that formed the factual basis for his guilty plea. Thus, the DHS contends that it has established by clear and convincing evidence that the respondent is removable as charged and that the Immigration Judge erred in terminating these proceedings. The respondent maintains that the Immigration Judge correctly excluded the police report from his analysis of the conviction. We review de novo the Immigration Judge's determination on this question of law. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2010); *see also Matter of V-K-*, 24 I&N Dec. 500 (BIA 2008); *Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008).

## II. ANALYSIS

The term "crime of domestic violence" means "any crime of violence (as defined in [18 U.S.C. § 16]) against a person" committed by, inter alia, a current or former spouse of the person. Section 237(a)(2)(E)(i) of the Act. The term "crime of violence" is defined in 18 U.S.C. § 16 (2006) as (a) an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (b) any other offense that is a felony and that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Thus, an offense cannot qualify as a "crime of domestic violence" unless it is also a "crime of violence" as defined by 18 U.S.C. § 16.

Section 243(e)(1) of the California Penal Code punishes a battery committed "against a spouse, a person with whom the defendant is cohabiting, a person who is the parent of the defendant's child, former spouse, fiancé, or fiancée, or a person with whom the defendant currently has, or has previously had, a dating or engagement relationship." "Battery" is defined by section 242 of the California Penal Code as "any willful and unlawful use of force or violence upon the person of another." Under the case law of the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, battery under section 242 requires neither a force capable of hurting or causing injury nor violence in the usual sense of the term, so it does not qualify categorically as a crime of violence under 18 U.S.C. § 16. *Ortega-Mendez v. Gonzales*, 450 F.3d 1010 (9th Cir. 2006); *Matter of Sanudo*, 23 I&N Dec. 968, 973-74 (BIA 2006). Thus, the respondent's offense is not categorically a crime of domestic violence. We must therefore

employ the modified categorical approach described in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether the respondent's conviction is for a crime of domestic violence.

In the Ninth Circuit, the modified categorical approach only applies when the particular elements of the crime of conviction are broader than the generic crime, and it cannot be applied when the crime of conviction is missing an element of the generic crime altogether. *Aguilar-Turcios v. Holder*, 582 F.3d 1093 (9th Cir. 2009) (citing *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007)).[1] In *Navarro-Lopez v. Gonzales*, the issue was whether an alien's conviction for accessory after the fact in violation of section 32 of the California Penal Code was for an offense within the generic definition of a crime involving moral turpitude. The court concluded that since the offense of accessory after the fact under section 32 was missing the "depravity" element of a generic crime involving moral turpitude, the crime of conviction could never be narrowed to conform to the generic crime. *Navarro-Lopez v. Gonzales*, 503 F.3d at 1070-73.

Since "battery" is an element of section 243(e)(1) of the California Penal Code, the statute under which the respondent was convicted, and it is defined by section 242 of the California Penal Code as "any willful and unlawful use of force or violence," it is encompassed within the generic crime of domestic violence and is not missing any element of the generic offense. Thus, *Navarro-Lopez v. Gonzales* is not applicable to the instant case and requires no further analysis here.

In applying the modified categorical approach to assess an alien's conviction, the Immigration Judge and the Board may look beyond the language of the statute of conviction to a specific set of judicially noticeable documents that are part of the record of conviction, including the charging document, the judgment of conviction, jury instructions, a signed guilty plea, the transcript from the plea proceedings, and any explicit factual findings by the trial judge to which the alien assented in the criminal proceedings. *Shepard v. United States*, 544 U.S. 13, 16, 26 (2005); *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1129 (9th Cir. 2007); *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 464, 468 (5th Cir. 2006); *Canada v. Gonzales*, 448 F.3d 560, 566 (2d Cir. 2006); *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004); *see also Garcia v. Att'y Gen. of U.S.*, 462 F.3d 287, 292 (3d Cir. 2006) (finding that it is appropriate to examine the criminal complaint, which was the relevant charging instrument, under the modified categorical approach);

---

[1] We are aware of no other circuit that has adopted the same strict limitation on the application of the modified categorical approach. *See Aguilar-Turcios v. Holder*, 582 F.3d at 1108-09 (Bybee, J., dissenting). We do not intend to suggest that this approach should be applied in cases outside of this circuit.

*Conteh v. Gonzales*, 461 F.3d 45, 59 (1st Cir. 2006) (stating that consultation of the indictment and final judgment, which included a restitution order, was proper in an aggravated felony case, because those documents comprised "'conclusive [judicial] records made or used in adjudicating guilt'" (quoting *Shepard v. United States*, 544 U.S. at 21)); *Vue v. INS*, 92 F.3d 696, 700 (8th Cir. 1996) (finding that it was proper to consider an amended criminal complaint in making a deportation determination where the complaint demonstrated on its face with sufficient clarity and reliability that the alien was convicted of using a firearm and thus that his violation was of the type contemplated by the deportation statute relating to firearms offenses). It is also proper to consider a comparable judicial record, including the clerk's minute order prepared by a neutral officer of the court, provided the defendant had the right to examine and challenge its accuracy during the criminal proceedings. *United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir. 2008); *see also Fregozo v. Holder*, 576 F.3d 1030, 1039 n.7 (9th Cir. 2009). "The use of [such judicially noticeable] documents is permitted because they are considered sufficiently conclusive and reliable to establish the facts to which the alien actually pleaded guilty." *Larin-Ulloa v. Gonzales*, 462 F.3d at 464 (citing *Shepard v. United States*, 544 U.S. at 23).[2]

In this case, the relevant conviction documents include the criminal complaint and the respondent's signed guilty plea. Count 2 of the complaint charges that on or about June 3, 2004, the respondent did willfully and unlawfully use force and violence upon his wife, in violation of section 243(e)(1) of the California Penal Code. The signed guilty plea reflects that the respondent pled guilty to Count 2 and stipulated to the police report prepared in connection with his arrest as the factual basis for his guilty plea. While a police report, standing alone, is not part of the record of conviction, *Matter of Teixeira*, 21 I&N Dec. 316, 319 (BIA 1996), the respondent's decision to incorporate the police report into the guilty plea made the report an "explicit statement 'in which the factual basis for the plea was confirmed by the [respondent].'" *Parrilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir. 2005) (quoting *Shepard v. United States*, 544 U.S. at 26, and concluding that the contents of police reports may be considered for the purpose of applying the modified categorical approach if they have been "specifically incorporated into

---

[2] In *Evanson v. Att'y Gen. of U.S.*, 550 F.3d 284, 292-93 (3d Cir. 2008), which concerned whether the defendant's State conviction for possessing marijuana with intent to deliver qualified as a "drug trafficking offense," the Third Circuit rejected consideration of the factual assertions in the judgment of sentence, which are facts that a judge considers in making a discretionary sentencing determination, because they were "not necessarily admitted by the defendant." The court noted that it is proper to consider the charging document to the extent that the defendant was actually convicted of the charges. *Id.* at 293.

the guilty plea or admitted by a defendant"); *see also United States v. Almazan-Becerra*, 537 F.3d 1094, 1097-1100 (9th Cir. 2008); *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1226 (9th Cir. 2008) (considering a police report under the modified categorical approach where the alien had agreed that the criminal court could review such reports supplied by the prosecution to establish a factual basis for his plea).

The respondent argues that the police report should not be considered because it was never admitted into the record of his criminal proceedings or incorporated into the criminal complaint. We disagree. In this case, the plea agreement references the police report as the "factual basis" for the respondent's plea per *People v. West*, 477 P.2d 409 (1970). The plea form contains the handwritten statement "stip to police report as factual basis," and the respondent initialed the statement. "[T]his document serves as the 'findings of fact adopted by the defendant upon entering the plea,' which is part of the judicial record on which the . . . courts may rely." *United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1217-18 (9th Cir. 2005) (quoting *Shepard v. United States*, 544 U.S. at 20).[3]

It was not necessary for the respondent to acknowledge the truth of every statement in the police report or for the judge in the criminal case to have specifically reviewed or referenced the report during the plea proceedings. *See United States v. Almazan-Becerra*, 537 F.3d at 1099-1100 (permitting reliance on police reports where the defendant stipulated generally that the reports and other documents within the court file contained a factual basis for his guilty plea, without specifically identifying which police reports contained the factual basis); *cf. United States v. Kirksey*, 138 F.3d 120, 125-26 (4th Cir. 1998) (finding that it was proper to consider the charging documents, which included an Application for Statement of Charges/Statement of Probable Cause that incorporated the sworn statements of complaining witnesses, in analyzing the defendant's convictions). Also, contrary to the respondent's

---

[3] In deciding not to consider the police report as part of the respondent's record of conviction, the Immigration Judge followed the reasoning of a Ninth Circuit panel in *United States v. Almazan-Becerra*, 482 F.3d 1085, 1090-91 (9th Cir. 2007), which declined to accept police reports as the factual basis for the alien's plea because his plea was disjunctive and the police reports did not necessarily contain either his own account of the events or a mutually agreed-upon statement of facts. In that decision, the court did not decide whether police reports could be considered but rather remanded the case so the district court could decide the issue in the first instance. In *United States v. Almazan-Becerra*, 537 F.3d at 1098, which was issued subsequent to the Immigration Judge's decision, a different panel of the Ninth Circuit found that the district court properly relied on the police reports in the record, concluding that they became a mutually agreed-upon statement of facts when the alien stipulated that they contained a factual basis for his plea.

argument, it is not necessary that the copy of the police report relied on in the immigration proceedings be obtained from the files of the criminal case. The only requirement is that the police report or reports relied on in the immigration proceedings be incorporated by reference as at least part of the factual basis for the guilty plea. Thus, the Immigration Judge erred in failing to view the police report as part of the record of conviction and to consider its contents in applying the modified categorical analysis. *Suazo Perez v. Mukasey*, 512 F.3d 1222.

Accordingly, we find it necessary to remand the record to the Immigration Judge for further proceedings. On remand, the Immigration Judge should consult the police report to determine whether the DHS has demonstrated that the respondent's offense is a crime of domestic violence that renders him removable as charged. The DHS's appeal will be sustained, and the record will be remanded.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The decision of the Immigration Judge is vacated, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing and for the entry of a new decision.