**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50277 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03120-BTM-1 |
| v. | MEMORANDUM* |
| JESUS PARGAS-GONZALES, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted July 9, 2013**
Pasadena, California

Before:  GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Defendant Jesus Pargas-Gonzales appeals the district court's entry of

criminal judgment.  Reviewing de novo "the district court's denial of a motion to

dismiss an indictment under 8 U.S.C. § 1326 when the motion is based on an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

alleged deprivation of due process in the underlying removal proceedings," United States v. Villavicencio-Burruel, 608 F.3d 556, 559 (9th Cir. 2010), we affirm.

The district court correctly held that the entry of the 2006 removal order was not "fundamentally unfair." 8 U.S.C. § 1326(d)(3). We need not decide whether Defendant's conviction under California Penal Code section 12021(a)(1) (2005) categorically qualifies as an "aggravated felony" pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), because it qualifies under the modified categorical approach.

We may consider the police reports, because Defendant stipulated to them in state court as a factual basis for his plea of no contest. United States v. Almazan-Becerra, 537 F.3d 1094, 1097–99 (9th Cir. 2008). The 23 pages of police reports almost all pertain to Defendant's possession of the handgun in question and to his use of it, specifically, his accidental discharge of the handgun, wounding the leg of a bystander. The single, brief contextual reference in the police reports to Defendant's ownership of the handgun related only to his own narrative explaining how he came to possess and use it. Defendant's state-court conviction was for possession, not ownership. See id. at 1099 n.2 (rejecting, in similar circumstances, the argument that, because the police reports contained some references to a different crime, the record is ambiguous: "We reject this contention because the [police] reports, when read as a whole, describe only one type of offense—selling

2

marijuana."); cf. United States v. Casterline, 103 F.3d 76, 78–79 (9th Cir. 1996) (reversing a conviction under 18 U.S.C. § 922(g)(1) where the defendant held title to firearms but was in prison at the time of the crime charged; at that time, "the sheriff's office had exclusive physical possession and control" of the firearms).

Our recent decision in Aguilar-Turcios v. Holder, 691 F.3d 1025 (9th Cir. 2012), is not to the contrary, because the record in that case contained no factual admissions pertinent to the charged crime that met the federal definition. Here, by contrast, the factual admissions in the police reports pertain almost entirely to possession, which Defendant concedes constitutes an aggravated felony.

**AFFIRMED.**