NOT FOR PUBLICATION

FILED



JUL 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10320 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00132-MCE-1 |
| v. | |
| FERNANDO PEREZ-HERNANDEZ, AKA Alfredo Reyes Morales, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted July 13, 2017[**]
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and ROBRENO,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Fernando Perez-Hernandez appeals his conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in denying Perez-Hernandez's motion to dismiss the indictment based on alleged due process violations in his underlying removal proceedings. Perez-Hernandez argues that the immigration judge ("IJ") failed to inform him that he was eligible for relief from removal by way of voluntary departure, thus rendering his order of removal "fundamentally unfair." *See* 8 U.S.C. § 1326(d); *see also United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 n.2 (9th Cir. 2004) (per curiam). To establish that an underlying removal order is fundamentally unfair, Perez-Hernandez must show that (1) his "due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (citation omitted).

Even assuming that Perez-Hernandez's due process rights were violated (because the government did not produce the record of conviction for review by the IJ), he cannot establish that he suffered prejudice. *See United States v. Bustos-Ochoa*, 704 F.3d 1053, 1056 (9th Cir. 2012) (per curiam) (rejecting a defendant's argument that an "inconclusive record" (based on the government's failure to

2

proffer noticeable documents) made him "eligible for relief"). To show Perez-Hernandez suffered prejudice, he must show there were "plausible grounds for relief," *United States v. Ramos*, 623 F.3d 672, 684 (9th Cir. 2010); he "cannot succeed by merely showing a theoretical possibility of relief," *United States v. Raya-Vaca*, 771 F.3d 1195, 1207 (9th Cir. 2014) (quotation marks, alteration, and citation omitted). He must show "some evidentiary basis on which relief could have been granted." *Id.* (citation omitted).

However, Perez-Hernandez can demonstrate only that relief was merely conceivable or possible. First, Count I of the criminal complaint alleged he was in possession of a controlled substance (methamphetamine) for sale. Second, the plea agreement evidenced that Perez-Hernandez pleaded no contest to Count I, dismissing the special assessment (excessive methamphetamine).[1] Finally, in the plea agreement, Perez-Hernandez stipulated that there was a "factual basis" for his plea as set forth in the police report, which report specifically set forth that he possessed methamphetamine. *See United States v. Almazan-Becerra*, 537 F.3d 1094, 1097-98 (9th Cir. 2008). Had Perez-Hernandez attempted to pursue

---

[1] Perez-Hernandez argues that there is no evidence that he pleaded no contest to possession of methamphetamine for sale, because the record shows that he pleaded no contest to an information rather than a criminal complaint. However, Perez-Hernandez offers only speculation without any evidence, that the information does not contain a reference to methamphetamine.

voluntary departure, based on the foregoing facts, he would have been ineligible based on the conviction under California Health and Safety Code section 11378 involving methamphetamine. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 690 (9th Cir. 2012) (noting that "[b]ecause his prior conviction under Section 11378 was for an aggravated felony, [petitioner's] ability to obtain immigration relief . . . was severely limited"). Thus, Perez-Hernandez cannot establish prejudice.

2.      Defense counsel did not render ineffective assistance of counsel by failing to introduce a transcript of Perez-Hernandez's change of plea hearing in the state court.[2] Although the transcript reveals that Perez-Hernandez pleaded no contest to an "information" rather than the "criminal complaint," nothing therein suggests that Perez-Hernandez was not convicted of an aggravated felony (involving the possession of methamphetamine for sale). Thus, there is no evidence that he was prejudiced by counsel's failure to present the transcript. To the contrary, Perez-Hernandez's plea agreement, presented to the court when pleading to the information, shows that he admitted that he possessed methamphetamine when he stipulated that there was a "factual basis" for his plea as set forth in the police report. *See Almazan-Becerra*, 537 F.3d at 1097-98.

---

[2] Perez-Hernandez's motion for judicial notice is GRANTED.

4

**AFFIRMED.**