**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RANDY ALTON GRAVES,
AKA Sweets,
*Defendant-Appellant.*

</td><td>

No. 16-50276

D.C. No.
3:14-cr-01288-DMS-1

OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted April 10, 2019
Pasadena, California

Filed May 30, 2019

Before: Richard A. Paez and Richard R. Clifton, Circuit
Judges, and Gary S. Katzmann,[*] Judge.

Opinion by Judge Clifton

---

[*] The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

# SUMMARY[**]

## Criminal Law

The panel vacated a life sentence, which the district court imposed after concluding that the defendant had two prior felony drug offenses under 21 U.S.C. § 841(b)(1)(A) (2016); and remanded for re-sentencing.

The defendant argued that the district court erroneously concluded that his prior conviction for inmate drug possession under California Penal Code § 4573.6 (2007) qualified as a "felony drug offense" triggering a mandatory term of life imprisonment under § 841(b)(1)(A). The panel held that § 4573.6 is overbroad because it criminalizes controlled substances under California law that are not regulated under federal law. In light of the statute's plain text, state court decisions, and the contrast to convictions under the California Health and Safety Code, the panel held that § 4573.6 is not divisible. The panel therefore concluded that a conviction under § 4573.6 cannot be a categorical "felony drug offense" triggering the mandatory life term under § 841(b)(1)(A).

The panel concluded that the district court should be permitted to consider the defendant's submissions and impose a new sentence, notwithstanding that the district court indicated at the previous sentencing hearing that it would have imposed a life sentence under the 18 U.S.C. § 3553 factors even if the defendant was not subject to a statutorily

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

mandated life sentence.  The panel wrote that the district court may consider at re-sentencing what effect, if any, the recently enacted First Step Act has on the defendant's sentence.

## COUNSEL

Devin Burstein (argued) and Jeremy Warren, Warren & Burstein, San Diego, California, for Defendants-Appellants.

Daniel Earl Zipp (argued), Assistant United States Attorney; Helen H. Hong, Chief, Appellate Section, Criminal Division; Adam L. Braverman, United States Attorney; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

## OPINION

CLIFTON, Circuit Judge:

Randy Alton Graves challenges the life sentence imposed by the district court after it concluded he had two prior felony drug offenses under 21 U.S.C. § 841(b)(1)(A), mandating a sentence of life imprisonment. The district court concluded that his two prior convictions, including for a violation of California Penal Code § 4573.6, qualified as predicate felony drug offenses. We conclude that Graves' section 4573.6

conviction does not qualify as a predicate offense and therefore vacate his sentence and remand for re-sentencing.[1]

## I.   Background

Graves was charged with (1) conspiracy to distribute methamphetamine, (2) conspiracy to distribute marijuana, and (3) possession with intent to distribute methamphetamine. Before trial, the government filed notice of its intent to seek an enhanced penalty under 21 U.S.C. § 851. Specifically, because Graves had two prior convictions for felony drug offenses, he would face a mandatory term of life imprisonment without release if he was convicted of the instant alleged offenses. 21 U.S.C. § 841(b)(1)(A). One prior conviction was for inmate drug possession, violating California Penal Code § 4573.6. The district court concluded that the prior convictions qualified as felony drug offenses and the necessary predicate offenses to trigger the enhancement.

Graves was subsequently found guilty on all three counts. At Graves' sentencing hearing, after concluding Graves was subject to a mandatory life sentence based on the § 851 enhancement, the court also set out the 18 U.S.C. § 3553 sentencing factors to "perfect the record and to make clear that if the court were to exercise discretion, if it had any to impose a sentence at less than life, it would not."

---

[1] We deal with the remainder of Graves' arguments in a separate memorandum disposition filed concurrently with this opinion. In that memorandum we affirm his conviction and also reject his challenge to a sentencing enhancement based on the alleged unconstitutionality of 21 U.S.C. § 841.

## II. Jurisdiction and Standard of Review

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review de novo the divisibility of a statute. *United States v. Martinez-Lopez*, 864 F.3d 1034, 1039 (9th Cir. 2017) (en banc).

## III. Discussion

Graves argues the district court erroneously concluded his California Penal Code § 4573.6 conviction qualified as a felony drug offense because the statute is both overbroad and not divisible.[2] To determine whether a state conviction is a predicate drug trafficking offense, we first determine whether the state offense is a categorical match with a qualifying federal drug trafficking offense. *Martinez-Lopez*, 864 F.3d 1034 at 1038. We do this by looking to statutory definitions to determine if the state law proscribes the same amount or less conduct than the federal drug trafficking offense. *Id.*

If the state law is not a categorical match, we then must determine whether the state offense is divisible, setting out one or more elements of the offense in the alternative. *Id.* If a statute that sweeps more broadly than the federal offense "sets out a single (or 'indivisible') set of elements to define

---

[2] The government argues this court can deem the section 4573.6 challenge waived because it was not raised in Graves' opening brief. We generally review only issues argued specifically and distinctly in the opening brief. *Devereaux v. Abbey*, 263 F.3d 1070, 1079 (9th Cir. 2001). However, we may consider issues that have been fully explored if the appellee is not prejudiced. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). Graves was given leave to file a supplemental brief on the subject, and the government filed a supplemental answering brief. We therefore consider this issue.

a single crime," no conviction under that law can count as the qualifying predicate offense. *Mathis v. United States*, 136 S. Ct. 2243, 2248–49 (2016). If the state statute is divisible, the sentencing court may apply the modified categorical approach, looking to a limited class of documents "to determine what crime, with what elements, a defendant was convicted of." *Id.* at 2249.[3]

There is no dispute that section 4573.6 criminalizes controlled substances under California law that are not regulated under federal law, so the statute is overbroad. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014). We therefore must determine if the statute is also divisible. "[I]f a statute is both overbroad and indivisible, a prior conviction under that statute will never qualify as a predicate drug trafficking offense . . . ." *Martinez-Lopez*, 864 F.3d at 1039.

A divisible statute sets out one or more elements of the offense in the alternative, "and so effectively creates 'several different . . . crimes.'" *Descamps v. United States*, 570 U.S. 254, 257, 263–64 (2013) (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)). A statute is divisible if it "lists multiple elements disjunctively" but is indivisible if it instead

---

[3] The government argues it is far from clear that the categorical approach should apply in the section 851 context. However, the government acknowledges that we have applied the categorical approach when evaluating the propriety of a section 851 sentencing enhancement in *United States v. Ocampo-Estrada*, 873 F.3d 661 (9th Cir. 2017). We are not convinced by the government's argument that there is no reason to resort to the categorical approach in this context. *See United States v. Sullivan*, 797 F.3d 623, 635 (9th Cir. 2015) ("To determine whether a prior state conviction falls into the specified class of federal offenses, we generally apply the categorical approach . . . .").

merely "enumerates various factual means of committing a single element." *Mathis*, 136 S. Ct. at 2249. When deciding whether a statute is divisible, "we look to such authoritative sources of state law as state court decisions and the wording of the relevant state statute." *United States v. Figueroa-Beltran*, 892 F.3d 997, 1004 (9th Cir. 2018) (citing *Mathis*, 136 S. Ct. at 2256).

Graves was convicted in 2007, when California Penal Code § 4573.6 provided that knowing possession of "any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code," or any device "intended to be used for unlawfully injecting or consuming controlled substances, without being authorized to so possess the same" was a "felony punishable by imprisonment in the state prison for two, three, or four years." Cal. Penal Code § 4573.6 (2007). The government argues that the statute is divisible because it criminalizes possession in prison of "any controlled substances," so the question of which individual controlled substance is involved is necessarily an element of the offense. We conclude that the statute is not divisible based on the plain text, state court decisions, and the contrast to convictions under the California Health and Safety Code.

First, the plain language of the statute suggests that the type of controlled substance is merely a means of satisfying the controlled substance element. Although not dispositive, there are no disjunctive lists in the statute. *See Almanza-Arenas v. Lynch*, 815 F.3d 469, 485 (9th Cir. 2016) (Watford, J., concurring) (noting that indivisible statutes "contain a single statutory phrase that is not broken down into statutorily specified alternatives"). The only potentially divisible element of the statute is the type of controlled substance, and

the statute refers to "any controlled *substances*." Cal. Pen. Code § 4573.6(a) (emphasis added). In contrast, statutes in the California Health and Safety Code prohibit possession of "any controlled *substance*." *See* Cal. Health & Safety Code §§ 11350, 11351, 11352, 11377 (emphasis added). This suggests that contemporaneous possession of multiple controlled *substances* is only a single crime under section 4573.6, and the type of controlled substance is merely a means and not a list of alternative elements. *See Mathis*, 136 S. Ct. at 2249.

Second, a California state court has explicitly held that contemporaneous possession of two or more discrete controlled substances at the same location constitutes one offense under section 4573.6. *See People v. Rouser*, 69 Cal. Rptr. 2d 563, 564 (Cal. Ct. App. 1997). In *Rouser*, a state prison inmate was charged and convicted of two separate counts of section 4573.6 for possessing methamphetamine and heroin in the same location on the same day. *Id*. The California Court of Appeal concluded that the phrase "any controlled substances" described "a single offense irrespective of how many controlled substances are possessed, as here, at the same time and in the same place." *Id.* at 568. California state courts have relied on *Rouser* in subsequent years to reverse multiple convictions under sections 4573.6 and 4573.8 for inmate possession of different controlled substances. *See, e.g.*, *People v. Escoto*, No. E051638, 2011 WL 3811473, at *5 (Cal. Ct. App. Aug. 30, 2011) ("We agree, as do both parties that defendant should not have been charged and convicted of two counts of inmate drug possession (§ 4573.6)."); *People v. Woods*, No. F039187, 2003 WL 887056, at *7 (Cal. Ct. App. Mar. 7, 2003) ("Woods argues, the Attorney General agrees, and we concur that in-custody possession of two illicit substances at

the same location at the same time constitutes but one offense under section 4573.8.").

Third, as discussed in *Rouser*, section 4573.6 is part of a completely different code and is aimed at different problems compared to sections of the Health and Safety Code. While "section 4573.6 appears to be aimed at problems of prison administration," sections of the Health and Safety Code are "designed to protect the health and safety of all persons within [the state's] borders . . . by regulating the traffic in narcotic drugs." *Rouser*, 69 Cal. Rptr. 2d at 566–67 (internal quotation marks omitted). Thus, our precedents holding certain California statutes within the Health and Safety Code divisible as to the controlled substance do not necessarily apply to section 4573.6. *See Martinez-Lopez*, 864 F.3d at 1036 (announcing "[w]e took this case en banc to revisit the divisibility of California drug statutes" and citing a section of the Health and Safety Code); *United States v. Ocampo-Estrada*, 873 F.3d 661, 668 (9th Cir. 2017) (noting that the principle from *Martinez-Lopez* "logically extends past section 11352 to other California drug laws").

We conclude, therefore, that California Penal Code § 4573.6 is not a divisible statute and therefore cannot be a categorical "felony drug offense" triggering a "mandatory term of life imprisonment" under 21 U.S.C. § 841(b)(1)(A) (2016).

Even with such a conclusion, the government argues that it is not necessary to vacate the current sentence and remand for re-sentencing, because the district court indicated at the previous sentencing hearing that it would have imposed a life sentence under the 18 U.S.C. § 3553 sentencing factors even if Graves was not subject to a statutorily mandated life

sentence. Graves has noted, however, that because the district court had already concluded that Graves was subject to a mandatory life sentence, he did not submit to a presentence interview or file a sentencing memorandum in an effort to obtain a lesser sentence because that effort would have been futile. As a result, we conclude that the district court should be permitted to consider his submissions and impose a new sentence thereafter. We express no views regarding the appropriate sentence in these circumstances. When the district court re-sentences Graves, it may also consider what effect, if any, the recently enacted First Step Act has on his sentence. *See* Pub. L. No. 115-391, § 401(a), 132 Stat. 5194 (Dec. 21, 2018).

## IV.    Conclusion

We vacate Graves' sentence and remand for re-sentencing.

**SENTENCE VACATED AND REMANDED.**