**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GUSTAVO TEJEDA,
*Petitioner*,

v.

WILLIAM P. BARR, Attorney
General,
*Respondent.*

No.13-74391

Agency No.
A094-875-502

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 23, 2019
Pasadena, California

Filed June 8, 2020

Before: Andrew J. Kleinfeld and Consuelo M. Callahan,
Circuit Judges, and Jane A. Restani,[*] Judge.

Per Curiam Opinion

---

[*] The Honorable Jane A. Restani, Judge for the United States Court
of International Trade, sitting by designation.

## SUMMARY[**]

### Immigration

Denying Gustavo Tejeda's petition for review of a decision of the Board of Immigration Appeals, the panel held that a conviction for being under the influence of a controlled substance, in violation of California Health and Safety Code § 11550(a), is divisible with respect to controlled substance such that the modified categorical approach applies to determining whether a conviction under the statute is a controlled-substance offense as defined by federal law.

In the language of the documents relating to Tejeda's conviction, he was convicted of being under the influence of a controlled substance—amphetamines—in violation of Section 11550(a). The panel noted that the parties agreed that the California statute includes substances which are not prohibited by federal law and explained that, in *United States v. Martinez-Lopez*, 864 F.3d 1034 (9th Cir. 2017) (en banc), the court held that the controlled-substance requirement of California Health and Safety Code § 11352 was divisible because, under state law, it established separate crimes for the various substances rather than alternative means of committing one offense. The panel concluded that the reasoning in *Martinez-Lopez* squarely applied here, explaining that Section 11550(a) incorporates controlled substances from the state schedules, the state law "separate crimes" holding cited by *Martinez-Lopez* applies, and the

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

state pattern jury instructions for Section 11550(a) require the jury to agree on the particular substance.

Applying the modified categorical approach, the panel concluded that Tejeda's plea agreement, the charging document, and the minute order are cognizable for modified-categorical-approach purposes and establish the elements of his offense. Further, the panel observed that the relevant substance here, amphetamine, is a controlled substance under federal law. Accordingly, the panel concluded that the modified categorical approach was applicable and satisfied here.

The panel also rejected Tejeda's argument that the *actus reus* aspect of Section 11550(a) is indivisible. The panel explained that, under 8 U.S.C. § 1227(a)(2)(B)(i), Tejeda's conviction serves as a basis for his deportability if it is a conviction relating to a federally controlled substance, and that the Supreme Court has confirmed that the effect of "relating to" in this statute is to require a "direct link" between an alien's crime of conviction and a particular federally controlled drug. The panel further explained that where, as here, the controlled-substance requirement of a state statute is divisible and where, as here, the relevant substance is shown by application of the modified categorical approach to be federally controlled, then there is a "direct link" between an alien's crime of conviction and a particular federally controlled drug such that 8 U.S.C. § 1227(a)(2)(B)(i) is satisfied. Therefore, the panel concluded that the divisibility of the *actus reus* element of Section 11550(a) is irrelevant.

## COUNSEL

Louis A. Gordon (argued), Law Offices of Louis A. Gordon, Los Angeles, California; Roger Jay Gleckman, Gleckman & Sinder, Los Angeles, California; for Petitioner.

Jeffrey R. Leist (argued), Jennifer Paisner Williams, and Anthony Payne, Senior Litigation Counsel; Joyce R. Branda, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

PER CURIAM:

The Board of Immigration Appeals dismissed Gustavo Tejeda's appeal from an Immigration Judge's decision finding him removable under 8 U.S.C. § 1227(a)(2)(B)(i) for having been convicted of a controlled-substance offense as defined by federal law. In the language of the documents relating to Tejeda's conviction, he was convicted under California law of being under the influence of a controlled substance—amphetamines—in violation of California Health and Safety Code § 11550(a).[1]

---

[1] Tejeda pleaded guilty to being under the influence and use of "amphetamines," rather than the singular "amphetamine" used in the federal Controlled Substances Act. Before the BIA, he argued that this distinction rendered his conviction broader than what the Controlled Substance Act criminalized. This argument has no merit. Tejeda pleaded guilty to a violation of California Health and Safety Code § 11550(a), which in turn refers to certain controlled substances in sections of several drug schedules. The only drug schedule section referenced in § 11550(a)

The primary issue in this case is whether Section 11550(a) is "divisible" under *Descamps v. United States*, 570 U.S. 254 (2013), and *United States v. Martinez-Lopez*, 864 F.3d 1034 (9th Cir. 2017) (en banc). We hold that it is. Although we held that Section 11550(a) is divisible in the unpublished decision *Araujo-Flores v. Holder*, 570 Fed. App'x 714 (9th Cir. 2014), we publish now to establish precedent on the matter.

Tejeda's argument is that (1) the California prohibition includes substances not prohibited by federal law, so a violation of the California statute is not categorically the same as a violation of the federal statute; (2) the California statute is not divisible, so the modified categorical approach cannot be applied; and (3) even if the modified categorical approach could be applied, the documents cognizable for its application do not establish that his state conviction was equivalent to what the federal statute criminalizes. We ordered supplemental briefing to address a decision that came down while the appeal was pending, *United States v. Martinez-Lopez*, which held that another California drug statute—California Health and Safety Code § 11352—was divisible. 864 F.3d at 1044. In his supplemental brief, Tejeda argues that Section 11352 and Section 11550(a) should be distinguished.

---

that mentions amphetamines is California Health and Safety Code § 11055(d)(1), which lists "[a]mphetamine, its salts, optical isomers, and salts of its optical isomers." The federal Controlled Substances Act applies to the same stimulants. *See* 21 U.S.C. § 802(9)(B). Accordingly, Tejeda was clearly convicted of being under the influence and use of "amphetamine" as defined by the federal Controlled Substances Act.

The federal statute provides for removal of aliens deportable because of a conviction of a violation of any state law "relating to a controlled substance (as defined in section 802 of Title 21) . . . ."  8 U.S.C. § 1227(a)(2)(B)(i).  The parties agree that the California statute includes substances which are not included in the federal definition.  *See Coronado v. Holder*, 759 F.3d 977, 983 (9th Cir. 2014). Accordingly, a violation of California Health and Safety Code § 11550(a) does not necessarily amount to a violation of the federal Controlled Substances Act, and thus is not categorically a federal "controlled substance" violation.

We held in *Coronado v. Holder* that California Health and Safety Code § 11377(a) is divisible, so the modified categorical approach applies to convictions under it. 759 F.3d 977, 983–85 (9th. Cir. 2014).  Tejeda argues that *Coronado* was wrongly decided.  Because we are not sitting *en banc*, we have no authority to reject *Coronado*.  *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Moreover, in our *en banc Martinez-Lopez* decision, we agreed with *Coronado* that insofar as the California list of controlled substances is concerned, the list establishes elements, not merely means of committing the offenses, so the statutes incorporating those lists are divisible and the modified categorical approach applies.  864 F.3d at 1040–41. We held in *Martinez-Lopez* that California Health and Safety Code § 11352 is divisible.  *Id.* at 1041.  That statute, like Section 11550(a), incorporates substances from the state lists, which are broader than the federal list.   We held the controlled-substance requirement of Section 11352 divisible because, under state law, it established separate crimes for the various substances rather than alternative means of committing one offense.  *Id.* at 1040–41 (noting that this

conclusion was supported by the "persuasive authority" of applicable California jury instructions).

Application of these two cases, *Coronado* and *Martinez-Lopez*, requires us to treat the controlled-substance requirement in Section 11550(a) as divisible. The reasoning in *Martinez-Lopez* squarely applies. Section 11550(a) incorporates controlled substances from the state schedules, the state law "separate crimes" holding cited by *Martinez-Lopez* applies, and the state pattern jury instructions for Section 11550(a) require the jury to agree on the particular substance. Jud. Council Cal. Crim. Jury Instruction 2400. Applying the modified categorical approach, Tejeda's plea agreement, the charging document, and the minute order are cognizable for modified-categorical-approach purposes, *see United States v. Valdavinos-Torres*, 704 F.3d 679, 687 (9th Cir. 2012), and establish the elements of his offense. Amphetamine is a controlled substance under the federal Controlled Substance Act. 21 U.S.C. § 802(9)(B); 21 C.F.R. § 1308.12(d)(1). With the divisibility of Section 11550(a)'s controlled-substance requirement established, the modified categorical approach is applicable and satisfied here.

Tejeda's second argument, raised in the supplemental brief we required after our *en banc* decision in *Martinez-Lopez* came down, addresses *actus reus*. Tejeda argues that this *actus reus* aspect of the state statute is indivisible, barring use of the modified categorical approach. Although this argument was not raised before the BIA or in Tejeda's opening brief, we nevertheless address it here.

*Martinez-Lopez*, however, is distinguishable. There, the defendant argued that the *actus reus* of the California state drug law under which he convicted was indivisible. 864 F.3d

at 1038. The divisibility of that *actus reus* requirement was relevant because his prior state conviction had been used to impose a sentencing enhancement under the 2012 United States Sentencing Guidelines Manual. *Id.* at 1037. The relevant enhancement there applied when a defendant had previously been deported following a conviction "for a felony . . . drug trafficking offense for which the sentence imposed exceeded 13 months." *Id.* (alteration in original) (quoting U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(i) (U.S. Sentencing Comm'n 2012)). As defined in the Guidelines, a "drug trafficking offense" required the violation of a law which "prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* (alteration in original) (quoting U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.1(B)(iv) (U.S. Sentencing Comm'n 2012)). The *actus reus* of the state statute there was categorically overbroad because that statute "criminalize[d] the mere 'offer to' commit certain offenses related to a controlled substance" and the version of that statute in effect at the time of conviction "criminalized the transportation of a controlled substance for personal use, which [was] not a drug trafficking offense under the Controlled Substances Act." *Id.* at 1038 n.3. Therefore, divisibility of the *actus reus* in the state statute was a precondition for the enhancement. *Id.* at 1037–38.

By contrast, here, Tejeda's conviction under Section 11550(a) serves as a basis for his deportability if it is a conviction "of a violation of . . . any law . . . of a State . . . *relating to* a [federally] controlled substance (as defined in section 802 of Title 21) . . . ." 8 U.S.C. § 1227(a)(2)(B)(i) (emphasis added). The Supreme Court has confirmed that the

effect of "relating to" in this statute is to "require[ ] a direct link between an alien's crime of conviction and a particular federally controlled drug." *Mellouli v. Lynch*, 135 S. Ct. 1980, 1990 (2015). Unlike many federal statutes under which state convictions serve as predicates for consequences when they relate to some kind of *conduct*,[2] Section 1227(a)(2)(B)(i) imposes consequences for state convictions that relate to a federally *controlled substance*. Under the categorical and modified categorical approaches, then, "the proper analysis turns on whether the state drug conviction 'limits the meaning of "controlled substance," for removal purposes, to the substances controlled under [21 U.S.C. § 802.]'" *Villavicencio v. Sessions*, 904 F.3d 658, 665 (9th Cir. 2018) (alteration in original) (quoting *Mellouli*, 135 S. Ct. at 1990–91).

Where, as here, the controlled-substance requirement of a state statute is divisible and where, as here, the relevant substance is shown by application of the modified categorical approach to be federally controlled, then there is "a direct link between an alien's crime of conviction and a particular federally controlled drug" such that 8 U.S.C. § 1227(a)(2)(B)(i) is satisfied. *Mellouli*, 135 S. Ct. at 1990. Because under the modified categorical approach a conviction for using or being under the influence of

---

[2] For example, *United States v. Schopp* describes a federal statute imposing consequences for prior state convictions "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 938 F.3d 1053, 1065 (9th Cir. 2019) (quoting *United States v. Sinerius*, 504 F.3d 737, 740 (9th Cir. 2007)).

amphetamine relates to a federally controlled substance, the divisibility of the *actus reus* element of Section 11550(a) is irrelevant.

Therefore, the Petition for Review is **DENIED**.