**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME LAZO, AKA Jaime Lazo Venegas, *Petitioner*, v. ROBERT M. WILKINSON, Acting Attorney General, *Respondent.* | No. 14-73182 Agency No. A012-666-503 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2020[*]
Pasadena, California

Filed February 26, 2021

Before: Marsha S. Berzon and Daniel P. Collins, Circuit
Judges, and Gary S. Katzmann,[**] Judge.

Opinion by Judge Collins

---

[*] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[**] The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

## SUMMARY[***]

### Immigration

Denying Jaime Lazo's petition for review of a decision of the Board of Immigration Appeals, the panel held that: 1) California Health and Safety Code § 11350, possession of a controlled substance, is divisible as to controlled substance; and 2) because Lazo's conviction was for cocaine, a federal controlled substance, Lazo was properly ordered removed for an offense "relating to a controlled substance" under Immigration and Nationality Act § 237(A)(2)(B)(i).

The panel observed that § 11350 is not categorically an offense "relating to a controlled substance" because California's relevant list of controlled substances is overbroad in comparison to the Controlled Substances Act ("CSA"). However, the panel concluded that Lazo's conviction qualified as an offense "relating to controlled substance" under the so-called "modified categorical" approach.

In so concluding, the panel held that § 11350 is divisible as to controlled substance, observing that this court in *United States v. Martinez-Lopez*, 864 F.3d 1034 (9th Cir. 2017) (en banc), held that California Health and Safety Code § 11352 is divisible as to controlled substance. The panel concluded that *Martinez-Lopez*'s reasoning applies equally to § 11350, explaining that: 1) there is no meaningful difference between

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the text of the statutes; 2) the same California caselaw, which *Martinez-Lopez* found dispositive, applies equally to § 11350; and 3) just as with § 11352, the pattern jury instruction for § 11350 requires that the controlled substance be identified in the instructions and that, in order to convict, the jury must unanimously find that the defendant possessed that substance.

The panel further concluded that Lazo's conviction documents unambiguously established that his conviction was for cocaine, a controlled substance under the CSA. Therefore, the panel concluded that Lazo's conviction was a violation of law "relating to a controlled substance" that rendered him removable.

## COUNSEL

Carlos A. Cruz, Alhambra, California, for Petitioner.

Melissa Neiman-Kelting and M. Jocelyn Lopez Wright, Senior Litigation Counsel; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

COLLINS, Circuit Judge:

Jaime Lazo, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), which held that Lazo's 1999 conviction for simple possession of cocaine in violation of California Health and Safety Code § 11350 qualifies as a "controlled substance

offense," thereby rendering him removable under § 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(B)(i). Although California Health and Safety Code § 11350, by its terms, applies to a broader range of "controlled substance[s]" than the narrower federal definition that governs under § 237(a)(2)(B)(i), we agree with the BIA that Lazo's conviction nonetheless qualifies under the so-called "modified categorical" approach to analyzing prior convictions. *Tejeda v. Barr*, 960 F.3d 1184, 1186–87 (9th Cir. 2020). Applying that approach here, we conclude that § 11350 is a "divisible" statute that defines multiple alternative offenses, depending upon *which* controlled substance was possessed. Because Lazo's conviction under § 11350 was for possession of cocaine, and because cocaine qualifies as a "controlled substance" under the applicable federal definition, it follows that Lazo was convicted of an offense "relating to a controlled substance" within the meaning of § 237(a)(2)(B)(i). He was therefore properly ordered to be removed from the United States under that section, and we deny his petition for review.

## I

Lazo is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on October 13, 1961. After being convicted in the 1980s on a federal charge of conspiracy to possess cocaine base with intent to distribute, Lazo was the subject of a previous deportation proceeding in the early 1990s. That proceeding was terminated in Lazo's favor in 1991 after an immigration judge granted him a waiver of inadmissibility under the since-repealed provisions of former § 212(c) of the INA, 8 U.S.C. § 1182(c) (Supp. II 1990), *repealed by* Pub. L. No. 104-208, Div. C, § 304(b), 110 Stat. 3009, 3009–597 (1996).

The current removal proceedings were instituted in 2008 after Lazo was convicted earlier that year of burglary in violation of California Penal Code § 459. The Department of Homeland Security ("DHS") alleged that § 459 was an aggravated felony warranting removal under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). We subsequently held, however, that a violation of § 459 was *not* categorically an aggravated felony. *See Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1100–01 (9th Cir. 2011). DHS then withdrew that removability charge in 2012 and instead filed an additional charge alleging that Lazo was removable under INA § 237(a)(2)(B), based on a conviction for an offense "relating to a controlled substance." *See* 8 U.S.C. § 1227(a)(2)(B)(i). The basis for this charge was Lazo's 1999 conviction in California state court for possession of cocaine in violation of California Health and Safety Code § 11350(a).[1]

---

[1] At the time, § 11350(a) provided as follows:

> Except as otherwise provided in this division, every person who possesses (1) any controlled substance specified in subdivision (b) or (c), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b), (c), or (g) of Section 11055, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state, shall be punished by imprisonment in the state prison.

CAL. HEALTH & SAFETY CODE § 11350(a) (1999). Cocaine was (and remains) a "controlled substance" under "subdivision (b) . . . of Section 11055." *Id*.; *see also id*. § 11055(b)(6) (2021); *id*. § 11055(b)(6) (1999).

The immigration judge sustained the charge of removability and denied Lazo's request for voluntary departure, which was ultimately the only form of relief from removal that Lazo sought. The immigration judge concluded that § 11350(a)'s sweep was too broad to be a categorical match for a "controlled substance" offense under INA § 237(a)(2)(B)(i), but she went on to hold that § 11350(a) was a divisible statute and that, under a modified categorical approach, Lazo's conviction for possession of *cocaine* under that statute counted as a controlled substance offense. The BIA upheld that ruling, expressly agreeing that, under the modified categorical approach, Lazo's conviction under § 11350(a) was a controlled substance offense under INA § 237(a)(2)(B)(i). Lazo timely petitions for review, and we have jurisdiction under INA § 242, 8 U.S.C. § 1252. "We review de novo whether a particular conviction under state law is a removable offense." *Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1130 (9th Cir. 2016).

## II

Under § 237(a)(2)(B)(i) of the INA, an alien is generally removable if he or she has been convicted of a violation of a federal, state, or foreign law "relating to a controlled substance," as that term is defined in § 102 of the Controlled Substances Act ("CSA"), 21 U.S.C. § 802. *See* 8 U.S.C. § 1227(a)(2)(B)(i).[2] Under that cross-referenced definition,

---

In the current version of § 11350(a), the list of controlled substances has changed somewhat, as have the prescribed punishments, but the core language defining the offense remains substantially the same. *See infra* note 6. Our analysis in this case thus fully applies to both versions of the statute.

[2] Section 237(a)(2)(B)(i) exempts from its removability rule any conviction for "a single offense involving possession for one's own use

the "term 'controlled substance' means a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter," 21 U.S.C. § 802(6), and "cocaine" is specifically included in "schedule II," *id*. § 812(c), sched. II(A)(4). Contrary to Lazo's contention, we conclude that his 1999 conviction for possession of cocaine in violation of California Health and Safety Code § 11350 is an offense relating to a "controlled substance," as that term is defined in the CSA.[3]

## A

In assessing whether a conviction for a particular state offense counts as one "relating to a controlled substance" under § 237(a)(2)(B)(i), we begin by applying the so-called "categorical approach," under which a "state conviction triggers removal only if, *by definition*, the underlying crime falls within a category of removable offenses defined by federal law." *Mellouli v. Lynch*, 575 U.S. 798, 805 (2015) (emphasis added); *see also Tejeda*, 960 F.3d at 1186–87. Applying the categorical approach to § 237(a)(2)(B)(i), the Supreme Court has explained that this "removal provision is

---

of 30 grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i). No party contends that this clause has any bearing on the analysis in this case.

[3] We reject the Government's argument that Lazo failed to exhaust his challenge to the divisibility of § 11350 by not raising it in his brief before the BIA and that we therefore lack jurisdiction over the issue. Despite what Lazo argued in his brief below, the BIA decided the merits of this issue. Specifically, the BIA held that, after recognizing that § 11350 is not "categorically a controlled substance offense," the immigration judge "properly" proceeded to then apply a "modified categorical analysis." We have long held that "claims addressed on the merits by the BIA are exhausted" and are therefore within our jurisdiction to review. *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008).

. . . satisfied when the *elements* that make up the state crime of conviction relate to a federally controlled substance" as defined in CSA § 102. *Mellouli*, 575 U.S. at 811 (emphasis added). In *Mellouli*, the Court noted that the Kansas drug paraphernalia statute at issue there relied on a list of drugs that "included at least nine substances" that were not included within the CSA's definition. *Id*. at 808. As such, the Court held, the Kansas statute was not a categorical match for purposes of § 237(a)(2)(B)(i). *Id*. at 808, 813.

Relying on *Mellouli*, we have similarly recognized that the list of controlled substances applicable under many of California's controlled substances laws "include[s] 'numerous substances that are not similarly regulated by the CSA.'" *Mielewczyk v. Holder*, 575 F.3d 992, 995 (9th Cir. 2009) (citation omitted); *see also United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir. 2017) (en banc). Because the controlled-substance-possession offense set forth in California Health and Safety Code § 11350(a) likewise relies on an overbroad list of controlled substances comparable to the related California controlled-substance-trafficking statute at issue in *Mielewczyk* and *Martinez-Lopez*, *compare* Cal. Health & Safety Code § 11352 *with id*. § 11350; *see also infra* note 6, it follows that § 11350 is not *categorically* an offense "relating to a controlled substance" under INA § 237(a)(2)(B)(i). Indeed, the Government does not contest this point in this court.

## B

Because § 11350 is not a categorical match to the offense described in INA § 237(a)(2)(B)(i), we next ask whether Lazo's conviction might nonetheless qualify under the "modified categorical approach." We conclude that it does.

**1**

Under the "modified categorical approach," we must first consider whether § 11350 is "divisible," meaning that it "list[s] *elements* in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (emphasis added). If § 11350 does set out alternative offenses with different elements, then we may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the [alien's] prior conviction." *Descamps v. United States*, 570 U.S. 254, 257 (2013). And if the particular alternative that those documents reveal "form[ed] the basis of the conviction" under state law is categorically an offense relating to a "controlled substance" as defined under the CSA, then it qualifies as a removable offense under § 237(a)(2)(B)(i) of the INA. *Villavicencio v. Sessions*, 904 F.3d 658, 664 (9th Cir. 2018). By contrast, if a statute "lists alternative *means* of fulfilling one (or more)" of the "crime's elements," that is not enough to establish that the statute is divisible. *Mathis*, 136 S. Ct. at 2253 (emphasis added).

In deciding whether "an alternatively phrased list" in a state statute sets forth alternative "elements or means," a court should consider any "authoritative sources of state law," such as the statutory text or controlling decisions of the state courts. *Mathis*, 136 S. Ct. at 2256; *see also Martinez-Lopez*, 864 F.3d at 1039. In the absence of such sources, the "record of a prior conviction itself" may clearly show, in the "indictment and jury instructions," that "the statute contains a list of elements, each one of which goes toward a separate crime." *Mathis*, 136 S. Ct. at 2256–57. If, for example, a jury need not unanimously agree as to which of the listed alternatives was satisfied in a particular case, that is a clear

sign that they are "alternative methods of committing one offense" and not alternative elements of separate offenses. *Id*. at 2256 (simplified).

We addressed a similar question in *Martinez-Lopez*, where we held that the listing of alternative controlled substances set forth in the related drug-trafficking offense defined in California Health and Safety Code § 11352 "does not simply describe alternative methods of committing one offense," but rather defines alternative *elements*. 864 F.3d at 1040 (simplified).[4] Reviewing the authoritative California caselaw, we noted that the California Supreme Court has "recognize[d] multiple section 11352 convictions for a single act as it relates to multiple controlled substances," and we therefore concluded that the state high court had "implicitly held that the controlled substance requirement is an element." *Id*. at 1041. We placed particular weight on California cases construing "section 654 of the California Penal Code, which prohibits multiple sentences for a single 'act or omission that is punishable in different ways by different provisions of law.'" *Id*. at 1040. This caselaw, we concluded, confirmed that, in California drug cases involving several different controlled substances, (1) "multiple sentences are proper so long as the defendant has multiple criminal objectives"; and (2) "multiple *convictions*" remain proper "even when a defendant has a single criminal objective." *Id*. We further explained that,

---

[4] Whereas § 11350 punishes anyone "who possesses . . . any controlled substance" that is on a specified list of such substances, *see* CAL. HEALTH & SAFETY CODE § 11350(a), the offense defined in § 11352 applies to anyone "who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport . . . any controlled substance" on substantially the same list, *see id*. § 11352(a).

under this authority, defendants in California "are routinely subjected to multiple convictions under a single statute for a single act as it relates to multiple controlled substances." *Id*. We also noted that the California pattern jury instructions applicable to an offense under § 11352 "require a jury to fill in a blank identifying 'a controlled substance'—i.e., only one—demonstrating that the jury must identify and unanimously agree on a particular controlled substance." *Id*. at 1041. In light of these considerations, we held that "section 11352 is divisible with regard to its controlled substance requirement." *Id*.[5]

For several reasons, we conclude that *Martinez-Lopez*'s reasoning as to California Health and Safety Code § 11352 applies equally to § 11350, and that the latter statute is therefore likewise divisible as to its controlled substance element.

First, there is no meaningful difference between the relevant text of § 11350 and § 11352. Although the listings of controlled substances contained in each statute have changed in minor and immaterial respects between 1999 (when Lazo was convicted) and today, the corresponding contemporaneous lists in each statute are virtually identical to one another, both in their 1999 versions and in their current versions.[6] Given the materially identical wording of

---

[5] *Martinez-Lopez* also separately addressed whether § 11352(a) was divisible as to its actus reus, which (as noted above, *see supra* note 4) lists multiple alternative verb phrases. *See* 864 F.3d at 1041–43. Because the operative language in § 11350(a) uses only one verb— "possesses"—no such additional issue is presented here.

[6] *Compare* CAL. HEALTH & SAFETY CODE § 11350(a) (2021) (applying to "(1) any controlled substance specified in subdivision (b), (c), (e), or paragraph (1) of subdivision (f) of Section 11054, specified in

the relevant language in both statutes, we lack any textual basis for reaching a different conclusion as to § 11350 than *Martinez-Lopez* did with respect to § 11352.

We reached the same conclusion in *Tejeda*, 960 F.3d at 1186, where we addressed the divisibility of California Health and Safety Code § 11550(a), which recites a substantially similar list as § 11352(a) in providing that a "person shall not use, or be under the influence of[,] any controlled substance." As we explained, under *Martinez-Lopez*, other California "statutes incorporating those lists"— such as § 11550—"are divisible and the modified categorical approach applies." 960 F.3d at 1186. Because § 11350 uses much of the same language as § 11352 and § 11550 in borrowing a similar list, *Tejeda* confirms that § 11350 is divisible under *Martinez-Lopez*. *See also United States v. Ocampo-Estrada*, 873 F.3d 661, 668 (9th Cir. 2017) (concluding that *Martinez-Lopez*'s reasoning "logically extends past section 11352 to other California drug laws that

paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state") *with id*. § 11352(a) (2021) (reciting identical list with immaterial grammatical changes); *compare also id*. § 11350(a) (1999) (applying to "(1) any controlled substance specified in subdivision (b) or (c), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b), (c), or (g) of Section 11055, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state") *with id*. § 11352 (1999) (reciting an identical list, except for the addition of subdivision "(e)" of "Section 11054," which relates to certain depressants).

criminalize an activity relating to other referenced controlled substances" and applying that reasoning to the possession-for-sale statute, Cal. Health & Safety Code § 11378).

Second, the same California caselaw construing Penal Code § 654, which *Martinez-Lopez* found dispositive as to § 11352, also applies equally to § 11350. More than 60 years ago, the California Court of Appeal upheld separate convictions (with concurrent sentences) for simultaneous possession of three different drugs under the predecessor statute to § 11350. *See People v. Lopez*, 337 P.2d 570, 574–75 (Cal. Ct. App. 1959).[7] The court in *Lopez* expressly rejected the defendant's argument that his multiple convictions violated Penal Code § 654, holding that "the possession of each of the three different and distinct types of narcotics, even at the same time, constituted three separate offenses." *Id*. at 574. The California courts have repeatedly reaffirmed the vitality of *Lopez* and of the rule that simultaneous possession of multiple controlled substances may warrant separate convictions and separate punishments. *See, e.g.*, *People v. Barger*, 115 Cal. Rptr. 298, 304 (Cal. Ct. App. 1974) ("California courts have uniformly held that

---

[7] The defendant in *Lopez* was charged with three counts of simple "possession of heroin, marijuana and amidone, in violation of Section 11500, Health & Safety Code." 337 P.2d at 571. At the time, that provision prohibited both simple possession of narcotics, as well as the various transportation and sale activities now covered by § 11352. *See* 1955 Cal. Stat. 2675, ch. 1466, § 1 (enacting the version of § 11500 applicable in 1959). In 1972, the California Legislature repealed § 11500 and replaced it with separate provisions proscribing simple possession (§ 11350) and transport and sales (§ 11352). *See* 1972 Cal. Stat. 2986, 2987, 3011–12, ch. 1407, §§ 2, 3; *see also People v. Rouser*, 69 Cal. Rptr. 2d 563, 565 (Cal. Ct. App. 1997) (noting that the defendant in *Lopez* was "separately convicted under Health and Safety Code section 11500 [now § 11350] for possession of heroin, of marijuana and of amidone").

section 654 does not preclude multiple punishment for simultaneous possession of various narcotic drugs." (citing, *inter alia*, *Lopez*)); *see also People v. Monarrez*, 78 Cal. Rptr. 2d 247, 249–50 (Cal. Ct. App. 1998) (citing, *inter alia*, *Barger* and *Lopez*). The case law construing Penal Code § 654—on which *Martinez-Lopez* relied heavily in reaching its conclusion as to the divisibility of § 11352—is thus equally applicable to § 11350. *See Martinez-Lopez*, 864 F.3d at 1040 (noting that, "as recently as 2012," the California Supreme Court had "reaffirmed" that "simultaneous possession of different items of contraband are separate crimes" (internal quotation marks omitted) (quoting *People v. Jones*, 278 P.3d 821, 827 (Cal. 2012))). That provides further strong support for concluding that § 11350 is divisible as to its controlled substance element.

Third, just as with the pattern jury instruction for § 11352, the official California pattern jury instruction applicable to offenses under § 11350 also requires that the specific controlled substance be identified in the instructions and that, in order to convict, the jury must unanimously find that the defendant possessed *that* particular substance. *See* Jud. Council of Cal., Criminal Jury Instructions, No. 2304 (2020); *see also* California Jury Instructions—Criminal, No. 12.00 (6th ed. 1996) (same for prior pattern instruction for § 11350). *Martinez-Lopez*'s reliance on this feature of the § 11352 pattern jury instruction thus equally applies to § 11350. *See* 864 F.3d at 1041; *see also Ocampo-Estrada*, 873 F.3d at 668 (noting that *Martinez-Lopez*'s observation concerning the pattern jury instruction for § 11352 also applied to the pattern jury instruction for § 11378, and

therefore supported the view that § 11378 was divisible as to the controlled substance).[8]

Accordingly, in both its current and 1999 versions, California Health & Safety Code § 11350 is divisible with regard to substance.[9]

---

[8] In *Martinez-Lopez*, we mistakenly assumed that the pattern instruction required the "*jury* to fill in a blank identifying" the controlled substance at issue, *see* 864 F.3d at 1041 (emphasis added), when the pattern instruction unmistakably contemplates that the *court* will identify the substance at issue in finalizing the instruction before giving it to the jury. *See* JUD. COUNCIL OF CAL., CRIMINAL JURY INSTRUCTIONS, No. 2301 (2020). This immaterial error does not vitiate *Martinez-Lopez*'s reasoning on this point, because either way the jury is specifically instructed that it must unanimously find that a *particular* substance was possessed.

[9] By contrast, we distinguished *Martinez-Lopez* and reached the opposite conclusion in addressing a very differently worded provision in *United States v. Graves*, 925 F.3d 1036 (9th Cir. 2019). The statute at issue in *Graves* was California Penal Code § 4573.6, which at the relevant time prohibited, *inter alia*, the "knowing possession," in prison, "of 'any controlled *substances*, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code.'" 925 F.3d at 1040 (quoting CAL. PENAL CODE § 4573.6 (2007)). We held that, in light of § 4573.6's use of the plural term "substances"—which affirmatively indicated that a single possession of multiple substances counted as only one offense—as well as California caselaw explicitly endorsing that view, § 4573.6 was *not* divisible as to the "controlled substances" element. *Id*. at 1040–41. For the reasons we have explained, the statute at issue here is comparable to the ones addressed in *Martinez-Lopez*, *Tejeda*, and *Ocampo-Estrada*, and is dissimilar to the one discussed in *Graves*. *Martinez-Lopez* and its progeny therefore control this case.

**2**

Having concluded that § 11350 is divisible as to the controlled substance, we may consult "a limited set of documents 'to determine which statutory phrase was the basis for the conviction.'" *Martinez-Lopez*, 864 F.3d at 1043 (quoting *Descamps*, 570 U.S. at 263). Specifically, the documents we may consider include "the charging document, the terms of a plea agreement, the transcript of colloquy between the judge and the defendant in which the factual basis for the plea was confirmed by the defendant, and comparable judicial records." *Coronado v. Holder*, 759 F.3d 977, 985 (9th Cir. 2014). Here, the BIA relied on the charging documents and the transcript of the guilty-plea colloquy in Lazo's California criminal case. All of these documents unambiguously establish that Lazo's conviction was for possession of "cocaine." And, as noted earlier, *see supra* at 6–7, cocaine is a federally controlled substance under the CSA. *See* 21 U.S.C. § 812(c), sched. II(a)(4). Therefore, Lazo's conviction under § 11350 is a violation of law "relating to a controlled substance" as defined in the CSA, and that renders him removable under INA § 237(a)(2)(B)(i). *See Mellouli*, 575 U.S. at 813.

Accordingly, we **DENY** Lazo's petition for review.