**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO GUILLEN, | No. 14-71194 |
| Petitioner, | Agency No. A070-708-042 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Jose Antonio Guillen, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision finding him removable and denying his

application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law and claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

The BIA did not err in concluding that Guillen failed to establish that his conviction under California Health & Safety Code § 11550(a) was not a controlled substance violation that renders him ineligible for adjustment of status. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1255(i)(2)(A); *Pereida v. Wilkinson*, 141 S. Ct. 754, 758, 766 (2021) (an applicant for relief from removal cannot establish eligibility where a conviction record is inconclusive as to which elements of a divisible statute formed the offense); *Tejeda v. Barr*, 960 F.3d 1184, 1186 (9th Cir. 2020) (holding California Health & Safety Code § 11550(a) is divisible).

Guillen's contention that the IJ violated due process in cancelling an evidentiary hearing fails because Guillen has not shown prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice to prevail on a due process claim).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**