NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN IBARRA LIRA, AKA Benjamin I. Lira, AKA Benjamin Ibarra, AKA Benjamin Ibarra Lira, | No.  15-72416 |
| Petitioner, | Agency No. A074-215-404 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021**

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Benjamin Ibarra Lira, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision pretermitting his application for cancellation of

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency did not err in determining that Ibarra Lira failed to establish that his conviction under California Health & Safety Code ("CHSC") § 11350(a) is not a controlled substance violation that renders him ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1229b(b)(1)(C); *Lazo v. Wilkinson*, 989 F.3d 705, 714 (9th Cir. 2021) (holding that CHSC § 11350 is divisible as to controlled substance and relying on the charging document and guilty-plea colloquy to conclude the conviction was for possession of cocaine and thus a violation of a law "relating to a controlled substance"). Thus, Ibarra Lira's cancellation of removal claim fails.

As to Ibarra Lira's contention that the IJ erred or violated due process by not granting a continuance, the BIA did not err in concluding the argument is without merit. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). To the extent Ibarra Lira raises, in his opening brief, a separate argument that the IJ did not allow him an opportunity to present evidence, we lack jurisdiction to consider his contention. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (due process claims based on correctable procedural

15-72416

errors may not be entertained unless they were raised below).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**