**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RAMON MORENO HURTADO, AKA Daniel R. Flores, AKA Rodriguez Daniel Flores, AKA Jonathan Magana, AKA Ramon Moreno, AKA Daniel Rodriguez, AKA Daniel Flores Rodriguez,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   16-72075<br><br>Agency No. A205-719-456<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

    Ramon Moreno Hurtado, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision denying his motion for a continuance and his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion or violate Moreno Hurtado's right to due process in denying Moreno Hurtado's motion for a continuance, where there was no evidence of mental incompetency, and where Moreno Hurtado failed to obtain relevant conviction documents prior to his hearing despite being on notice for over eight months that the documents were required, and Moreno Hurtado provided no explanation for not obtaining them. *See id.* at 1012 (listing factors the court considers when reviewing the denial of a continuance); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

The agency did not err in determining that Moreno Hurtado failed to establish that his conviction under California Health & Safety Code § 11350(a) is not a controlled substance violation that renders him ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1229b(b)(1)(C); *Pereida v. Wilkinson*, 141 S. Ct. 754, 766 (2021) (an inconclusive conviction record is insufficient to meet applicant's burden of proof to show eligibility for relief); *Lazo v. Wilkinson*, 989 F.3d 705, 714 (9th Cir. 2021) (holding California Health &

Safety Code § 11350 is divisible with regard to substance).

Moreno Hurtado's request for oral argument, raised in his opening brief, is denied.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

3