Filed 3/11/26  P. v. Salinas CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B344478 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA084808) |
| v. | |
| PEDRO MARTINEZ SALINAS, | |
| Defendant and Appellant. | |

APPEAL from judgment of the Superior Court of Los Angeles County, Tiosha Nichole Butler, Judge.  Reversed.

Mher Cholakhyan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Pedro Martinez Salinas appeals from an order denying his Penal Code section 1473.7 motion to vacate his conviction. (See Pen. Code, § 1473.7, subd. (g) [authorizing such appeals].) He asserts he was prejudicially misled about his plea's immigration consequences and that section 1473.7 entitles him to relief. The People agree. We reverse.

In 2011, according to a police report, officers pulled Salinas over for minor Vehicle Code violations, obtained consent to search his car's trunk, and discovered 0.41 grams of cocaine. The People filed a lone charge accusing Salinas of possessing a controlled substance and specifying that substance was cocaine. (Health & Saf. Code, § 11350, subd. (a).) Salinas pleaded not guilty.

Salinas, a Mexican citizen and lawful permanent resident of the United States, had been living in this country for over 20 years at the time of this prosecution. He arrived in 1990 at the age of 16. Salinas had a wife and three children, all United States citizens, and was employed. Given this, Salinas told his defense lawyer to prioritize an immigration-neutral resolution to his case, even if it resulted in more jail time. Salinas would have risked a jury trial before agreeing to a resolution that compromised his status in the United States.

Accommodating Salinas's concerns, the People amended the charging document against Salinas to add a new, purportedly immigration-neutral count. This second count alleged a violation of the same Health and Safety Code provision as the first but no longer named the substance involved. The People then offered a plea bargain in which Salinas would plead guilty, under *People v. West* (1970) 3 Cal.3d 595, to the second count in exchange for being put on probation and placed into the Deferred Entry of Judgment (DEJ) program (see former Pen. Code, §§ 1000-1000.4).

(See *People v. Orozco* (2012) 209 Cal.App.4th 726, 731 [describing DEJ at the time of Salinas's prosecution].)

At the plea hearing, the prosecutor stated if Salinas completed all the terms and conditions of probation, "after 18 months the court will dismiss the case as if you were never convicted." But the prosecutor warned Salinas of the consequences of violating those terms and conditions. These included having to stand convicted of the crime and having to serve up to a three-year term of incarceration, as well as having to face immigration consequences such as deportation, the denial of reentry, or the denial of a chance to become a naturalized citizen.

The court accepted Salinas's plea on the second count, dismissed count one, and placed Salinas into the DEJ program. Salinas successfully completed DEJ, and the court, in 2013, dismissed the matter pursuant to Penal Code section 1000.3.

In 2024, Salinas moved to vacate his conviction under Penal Code section 1473.7, which allows those no longer in custody to vacate a conviction if it is "legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of [the] conviction." (Pen. Code, § 1473.7, subd. (a)(1); see *People v. Espinoza* (2023) 14 Cal.5th 311, 316.)

The superior court denied Salinas's motion. It concluded Salinas's prosecution had no adverse immigration consequences because the charge Salinas pleaded to did not name cocaine as the controlled substance. It also concluded that because Salinas completed DEJ and achieved a dismissal, there was no conviction left to vacate.

3

On appeal, both the People and Salinas agree the trial court erred. The People now concede, and we agree – applying independent review on a record without an evidentiary hearing (see *People v. Espinoza*, *supra*, 14 Cal.5th at p. 319) – that Salinas's conviction was not immigration neutral, that he suffered prejudice, and that he is entitled to relief under Penal Code section 1473.7.

DEJ proceedings from Salinas's time are now a known hazard for non-citizen defendants. The Legislature has found that its "statement in Section 1000.4, that 'successful completion of a deferred entry of judgment program shall not, without the defendant's consent, be used in any way that could result in the denial of any employment, benefit, license, or certificate' constitutes misinformation about the actual consequences of making a plea in the case of some defendants, including all noncitizen defendants, because the disposition of the case may cause adverse consequences, including adverse immigration consequences." (Pen. Code, § 1203.43, subd. (a)(1).) The Legislature was so concerned about this misinformation that a court, upon request, shall permit any defendant who completed DEJ and had a case dismissed under Penal Code section 1000.3, like Salinas, to withdraw a guilty plea and shall dismiss the complaint or information. (Pen. Code, § 1203.43, subd. (b).) (No request under this provision, however, is at issue here.)

DEJ issues aside, a conviction of Health and Safety Code section 11350 involving cocaine can have adverse immigration consequences. (*Lazo v. Wilkinson* (9th Cir. 2021) 989 F.3d 705, 714.) And in federal immigration tribunals and the Ninth Circuit, a police report forming the factual basis of a plea can furnish details, otherwise missing from charging documents, that

4

allow the imposition of adverse immigration consequences. (See *Matter of Milian-Dubon* (B.I.A. 2010) 25 I. & N. Dec. 197, 201, citing *United States v. Almazan-Becerra* (9th Cir. 2008) 537 F.3d 1094, 1097–1100 and *Suazo Perez v. Mukasey* (9th Cir. 2008) 512 F.3d 1222, 1226; *In re Sanudo* (B.I.A. 2006) 23 I. & N. Dec. 968, 975, citing *Parrilla v. Gonzales* (9th Cir. 2005) 414 F.3d 1038, 1044; *United States v. Ramos-Medina* (9th Cir. 2013) 706 F.3d 932, 939–940.)

Salinas, his lawyer, and the People all labored under the mistaken belief that they – by selecting DEJ and by fashioning a charge that did not expressly specify cocaine as the substance at issue – were achieving an immigration-neutral result when they were not. Further, Salinas has stated he would not have accepted an immigration-unsafe plea and would sooner have gone to trial. These statements, which, again, the People accept, are supported by objective evidence of Salinas's strong ties to the United States at the time of his prosecution. Under the totality of circumstances in this conceded case, we agree with the parties that the misinformation Salinas received regarding his plea was prejudicial and that reversal to ensure prompt relief under Penal Code section 1473.7, subdivision (a)(1), rather than remand, is appropriate. (See *People v. Espinoza*, *supra*, 14 Cal.5th at pp. 321, 325–326; *People v. Martinez* (2013) 57 Cal.4th 555, 559.)

Given this, we need not, and do not, address the parties' contentions regarding whether a presumption under Penal Code section 1473.7, subdivision (f)(2) aids Salinas in this case.

## DISPOSITION

We reverse the judgment.  The superior court shall enter an order vacating Salinas's conviction pursuant to Penal Code section 1473.7, subdivision (a)(1).


SCHERB, J.

We concur:


STRATTON, P. J.


WILEY, J.